585 So.2d 1336 (1991)
Autrey L. DENNIS, Jr., an incompetent, who sues By and Through his mother and court appointed guardian, Wilhemenia DENNIS, et al.
v.
AMERICAN HONDA MOTOR COMPANY, INC.
89-1841.
Supreme Court of Alabama.
August 16, 1991.
Patrick M. Sigler and Stephen C. Moore, and Daniel A. Pike, Mobile, for appellant.
De Martenson of Huie, Fernambucq & Stewart, Birmingham, and Charles J. Fleming of Gardner, Middlebrooks & Fleming, Mobile, for appellee.
Ted Taylor and Leah O. Taylor of Taylor & Roberson, Prattville, for amicus curiae Alabama Trial Lawyers Ass'n.
KENNEDY, Justice.
This is an appeal from a judgment based on a jury verdict in favor of the defendant. We reverse and remand.
The issue is whether the trial court erred in charging the jury on contributory negligence as it related to the cause of the accident.
On August 23, 1985, 18-year-old Autrey Dennis, Jr., was severely and permanently injured when the motorcycle he was driving collided with a log truck. When the collision occurred, Dennis was wearing a used *1337 "Hondaline Stag" motorcycle helmet. These helmets were marketed and distributed by American Honda Motor Company ("Honda") in 1976.
Dennis and his mother sued Honda, claiming that under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), the helmet was defective in its design and manufacture and that the helmet was not fit for its particular purpose. The plaintiffs also alleged two counts of negligence and two counts of wantonness against Honda.
At trial, the testimony concerning the cause of the accident was conflicting. A witness for the plaintiffs testified that she saw the accident happen. She stated that the log truck was making a wide right turn (using two lanes of traffic) when the truck hit Dennis. Testimony from the driver of the log truck and two witnesses who arrived on the scene immediately after the collision, indicated that Dennis was speeding and ran into the back of the log truck. Also, evidence from a forensic scientist suggested that Dennis's motorcycle struck the rear of the truck.
Both parties had expert witnesses testify as to the safety of the helmet. One of the plaintiffs' experts testified that the helmet did not adequately manage the impact of the accident and thus, proximately caused Dennis's injuries. The expert further testified that in his opinion the helmet did not meet the Snell Memorial Foundation safety standards or the safety standards for the Department of Transportation when it was placed on the market.
Experts for Honda testified that the helmet worn by Dennis was too loose fitting because the comfort lining was missing from the inside of the helmet. They testified that as a result of the loose fit of the helmet, the helmet could not protect from an impact as well as it should have. An expert also testified that because of the loose fit and because of where the impact occurred, Dennis's helmet would tend to slide upwards, exposing the forehead. The expert testified that no open-faced helmet on the market would have provided any greater protection from this type of severe impact than the "Hondaline Stag" helmet.
During the trial court's oral charge to the jury, the judge stated as follows:
"The Defendant further says in further answer to the complaint, this Defendant American Honda avers that at the time and the place of the incident in question the Plaintiff himself was guilty of negligence which directly contributed to cause the accident and injuries in question.
"That is what we call an affirmative defense. An affirmative defense. It's called the affirmative defense of contributory negligence. Contributory negligence.
"I told you the Plaintiff had the burden of proof to prove the material averments as contained in the complaint. Where the Defendant raises that affirmative defense, however, the burden of proof is on the Defendant then to reasonably satisfy you of the truthfulness of that defense.
"And if you believe that the Plaintiff would be entitled to a judgment at your hands and if ... the Defendant reasonably satisfies you as to the truthfulness of its defense of contributory negligence, then the law says that that defense of contributory negligence wipes out the other claim of the Plaintiff or the judgment of the Plaintiff on the negligence claim...." (R.T. 1739-40)
"And the affirmative defense as alleged by the Defendant of contributory negligence applies to the first count or the Alabama Extended Manufacturer's Liability Act [sic]...." (R.T. 1748)
"The defendant raises the issue of contributory negligence. In other words, he says that first of all, that we, Honda, are not guilty of the allegations as made by the Plaintiff. And even if we were, we raise the issue of contributory negligence. That is that the Plaintiff himself, Mr. Autrey Dennis, was himself guilty of negligence. And I have already defined negligence to you.

*1338 "Negligent in the manner in which he operated the automobile or the motorcycle or negligence in the manner in which he used the product. Contributorily negligent.
"By this claim the Defendant claims that at the time and place specified the Plaintiff himself was negligent in and about the operation of the motor vehicle or in the manner in which he used the helmet and that the Plaintiff's own negligence proximately caused or proximately contributed to cause the injury and damages claimed by him...." (R.T. 1760)
"Now regarding the misuse of the helmet claim, the Defendant American Honda has the burden of proving to your reasonable satisfaction that as a direct and proximate consequence of the alleged misuse of the Honda helmet that Mr. Dennis was wearing at the time of the accident that Autrey Dennis, Jr., suffered the injuries that he claims and that he sustained.
"The law says that a driver of a motorcycle must keep a lookout for those who are also using the highway and must exercise due care to anticipate the presence of others upon the highway or roadway.
"A motorcycle driver is chargeable with the knowledge of what a prudent and vigilant operator would have seen and is contributorily negligent if he fails to discover a vehicle which an operator could have discovered in time to avoid the injury.
"An operator is also contributorily negligent if he sees a vehicle located in a dangerous situation upon a highway and does not then exercise due care to avoid injury or damage.
"As I said, the Defendant in this case can prove contributory negligence on the part of Mr. Dennis by proving to your reasonable satisfaction that Mr. Dennis violated a rule or rules of the road during the operation of the motorcycle at the time of the accident in question. However, before such violation would be a defense on the part of the Defendant, such violation must proximately cause or proximately contribute to the injury complained of by the Plaintiff...." (R.T. 1762-63)
The trial court then charged the jury on applicable motor vehicle safety law under Title 32, Ala.Code 1975. The trial court stated that a violation of the motor vehicle safety law may be considered by the jury on the issue of contributory negligence. (R.T. 1763-67)
The plaintiffs specifically objected to the portions of the trial court's jury charge concerning contributory negligence as it related to the cause of the accident. The trial court overruled the objection and refused the request for an explanatory charge on contributory negligence. The jury returned a verdict in favor of the defendant.
As stated earlier, the issue in this case is whether the trial court erred in charging the jury on contributory negligence as it related to accident causation. Specifically, the plaintiffs argue that the trial court erred in charging that if the jury found Dennis to be contributorily negligent in causing the accident, he would be barred from recovery under his products liability claim.
First, the gravamen of an action under the AEMLD is that "the defendant manufactured or designed or sold a defective product which, because of its unreasonably unsafe condition, injured the plantiff or damaged his property when such product, substantially unaltered, was put to its intended use." Atkins v. American Motors Corp., 335 So.2d 134, 139 (Ala.1976). The purpose of the AEMLD is to protect consumers from injuries caused by defective products. General Motors Corp. v. Edwards, 482 So.2d 1176 (Ala.1985).
An action brought pursuant to the AEMLD is similar to a strict liability tort action under § 402A, Restatement (Second) of Torts, (1964). However, this Court rejected the no-fault concept of § 402A when it established the AEMLD. The Court retained the concept of fault in that "[t]he fault of the manufacturer, or retailer, is that he has conducted himself unreasonably *1339 in placing a product on the market which will cause harm when used according to its intended purpose." Atkins, 335 So.2d at 140. "Because our holding rejects the no-fault strict liability concept of the Restatement, we deem it appropriate to reemphasize that our retention of the fault concept is to be treated in the context of a defective condition, which renders the product unreasonably dangerous or unsafe when put to its intended use, rather than in the context of traditional notions of negligence law." Atkins, 335 So.2d at 139. The defendant must pay the consequences of placing an unreasonably dangerous or defective product on the market. "The negligence of the defendant is that he has conducted himself in a negligent manner by placing a product on the market causing personal injury or property damage, when used to its intended purpose." Casrell v. Altec Industries, Inc., 335 So.2d 128, 132 (Ala.1976).
There are certain defenses allowable to a claim under the AEMLD. As set out in Atkins, supra, general denials and affirmative defenses are available.
The affirmative defenses available are: (1) lack of causal relation, (2) assumption of risk, and (3) contributory negligence. To prove lack of causal relation, the defendant must establish that there is "no causal relation in fact between his activities in connection with handling of the product and its defective condition." Atkins, 335 So.2d at 143. As to the defense of assumption of the risk, this Court adopted the language in Comment N to § 402A of the Restatement:
"If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery."
Atkins, 335 So.2d at 143. Although contributory negligence is recognized generally as a defense to AEMLD actions, the Atkins Court seemed to indicate that the defense is available only under certain defensive theories, e.g., "plaintiff's misuse of the product." 335 So.2d at 143.
We therefore hold that the defense of contributory negligence as it related to accident causation was not a defense to recovery under this AEMLD claim.[1]
A defendant's negligence alleged in an AEMLD action is that he placed a defective product, which was unreasonably dangerous, on the market. A plaintiff's mere inadvertence or carelessness in causing an accident should not be available as an affirmative defense to an AEMLD action. To allow a plaintiff's negligence relating to accident causation to bar recovery would go against the purpose of the AEMLD, which is to protect consumers from defective products. The defense of contributory negligence in an AEMLD action should be limited to assumption of the risk and misuse of the product. The plaintiffs' negligence relating to accident causation should not bar recovery.
In Caterpillar Tractor Co. v. Ford, 406 So.2d 854 (Ala.1981), the jury's finding that a tractor used in a strip mining operation was defective because of the failure of the manufacturer to provide a roll-over protective structure was supported by the evidence. The manufacturer argued that the driver of the tractor, as a matter of law, was contributorily negligent or had assumed the risk. The Court held that it was a jury question whether the driver was contributorily negligent. The Court noted that there was a distinction between contributory negligence and assumption of risk. The Court held that for the manufacturer to prove contributory negligence, he must show that the driver appreciated the danger under the surrounding circumstances and that the driver acted unreasonably with that knowledge and appreciation. Clearly, the Court in that case was referring to the definition of "assumption of risk" stated in Atkins, supra, when it discussed the defense of contributory negligence.
*1340 Contributory negligence was not a defense to an AEMLD claim in Harley-Davidson, Inc. v. Toomey, 521 So.2d 971 (Ala.1988). In that case, the motorcyclist was injured when his helmet became fogged and caused him to lose control of the motorcycle and collide with an automobile. This Court held that the motorcyclist was not contributorily negligent, because he "was wearing the helmet properly with all four snaps fastened" and "there [was] no evidence that he failed to exercise reasonable care in wearing the helmet." 521 So.2d at 974 (citation omitted). Clearly, this Court referred to product misuse in discussing contributory negligence as a defense. We note that although the helmet in the instant case did not cause the collision between the motorcycle and the truck, there is a question of whether the helmet failed to provide adequate protection.
The products liability claim in the instant case is consistent with the "crashworthiness doctrine" referred to in General Motors Corp. v. Edwards, 482 So.2d 1176 (Ala. 1985). In that case, a Chevrolet Chevette automobile burst into flames after being struck from the rear by another automobile. The driver and her husband were severely burned and both of their children died in the fire. This Court found Larsen v. General Motors Corp., 391 F.2d 495 (8th Cir.1968), to be persuasive authority on the "crashworthiness doctrine."
In Larsen, the Eighth Circuit Court of Appeals found that while a manufacturer is under no duty to design an accident-proof vehicle, the vehicle manufacturer does have a duty to design its product so as to avoid subjecting its user to an unreasonable risk of injury in the event of a collision. That court reasoned that collisions "are a statistically foreseeable and inevitable risk within the intended use of an automobile" and that "while the user must accept the normal risk of driving, he should not be subjected to an unreasonable risk of injury due to a defective design." General Motors Corp. v. Edwards, 482 So.2d at 1181, citing Larsen, supra.
This Court agreed that Larsen was "more in keeping with the purpose of the AEMLD, which is to protect consumers against injuries caused by defective products." Edwards, 482 So.2d at 1181-82.
In Cooper v. Bishop Freeman Co., 495 So.2d 559 (Ala.1986), rev'd on other grounds, Burlington Northern R. Co. v. Whitt, 575 So.2d 1011 (Ala.1990), the plaintiff was injured while operating a fabric pressing machine. The plaintiff had her arm beneath the head of the machine prior to the injury. This Court stated that "the term `assumption of risk' has been used to describe a form of contributory negligence applicable to factual situations in which it is alleged that the plaintiff failed to exercise due care by placing himself or herself into a dangerous position with appreciation of a known risk." Cooper, 495 So.2d at 563. The Court held that the jury instructions on assumption of risk as to the plaintiff's AEMLD claim against Bishop Freeman were correct. However, the evidence did not support a jury charge on contributory negligence as to the AEMLD claim. "There was no evidence that plaintiff's actions in placing her arm beneath the machine without having a garment in place was in any way improper so as to give rise to an inference that the plaintiff was negligent." Cooper, 495 So.2d at 563. In fact, it was necessary for the plaintiff to place her arms beneath the pressing head to position a garment for pressing. The resulting injury would have occurred regardless of whether there was a garment on the work surface when the pressing head fell.
Certainly, a foreseeable use of a motorcycle helmet is to protect the head from injuries if the motorcyclist is involved in an accident. In fact, a motorcycle helmet is a safety device designed to protect the motorcyclist's head from injury, regardless of who caused the accident. It would be wholly inconsistent to allow the manufacturer of a safety device such as a motorcycle helmet to design a defective product and then allow that manufacturer to escape liability when the product is used for an intended use, i.e., the very purpose of the helmet.
At the present time, contributory negligence generally is a complete bar to recovery *1341 in a negligence action in seven jurisdictions. Those jurisdictions are: Alabama, the District of Columbia, Maryland, North Carolina, South Carolina,[2] Tennessee, and Virginia. Four of these jurisdictions have addressed the question of whether contributory negligence is a defense to strict tort liability in products liability law.
In East Penn Mfg. Co. v. Pineda, 578 A.2d 1113 (D.C.App.1990), the District of Columbia Court of Appeals held that the manufacturer and seller of a truck battery that exploded and injured the plaintiff could not raise contributory negligence as defense to a claim based on strict liability. The court cited Young v. Up-Right Scaffolds, Inc., 637 F.2d 810 (D.C.Cir.1980). In Young, the plaintiff was injured when the scaffolding he was disassembling collapsed. The plaintiff claimed damages on the basis of negligence and on the basis of strict liability for injuries caused by a defective product. The Court of Appeals held that the trial court erred by failing to instruct the jury that contributory negligence is not a defense to a claim based on strict liability and that contributory negligence on the plaintiff's part would not bar his recovery under the theory of strict liability. However, that Court noted that contributory negligence would have been available as a defense to the negligence count.
The defendants in Young argued that contributory negligence was indistinguishable from product misuse and assumption of risk and that, therefore, the failure to instruct the jury was harmless error. The Young court stated that under the facts of the case the jury could have considered the plaintiff to have been contributorily negligent but not responsible for product misuse or assumption or risk and therefore that the failure to instruct the jury that contributory negligence is not a defense to a claim based on strict liability was reversible error. That court distinguished between assumption of risk and product misuse. "Assumption of risk requires conscious apprehension of danger." Young, 637 F.2d at 815. "Product misuse is use of a product in a manner not reasonably foreseen by the defendant." Id.
The Maryland courts have also addressed the issue of contributory negligence as a defense on an action based on strict liability. In Ellsworth v. Sherne Lingerie, Inc., 303 Md. 581, 495 A.2d 348 (1985), the plaintiff was severely burned when her nightgown ignited as a result of its proximity to a front burner of her electric stove. The court stated:
"Contributory negligence is not a defense in an action of strict liability in tort. Anthony Pools v. Sheehan, [295 Md. 285, at 299, 455 A.2d 434 (1983)]. Conduct which operates to defeat recovery may in fact be negligent, but confusion will be avoided if it is remembered that a plaintiff is barred only because such conduct constitutes misuse or assumption of risk, and not because it constitutes contributory negligence."
Ellsworth, 303 Md. at 589, 495 A.2d at 356.
In Wallace v. Owens-Illinois, Inc., 300 S.C. 518, 389 S.E.2d 155 (Ct.App.1989), the South Carolina Court of Appeals held that contributory negligence was not a defense to an action based on strict liability for injuries caused by a defective product. The court also noted the difference between assumption of risk and ordinary contributory negligence: "Unlike contributory negligence, which is based on carelessness and inadvertence, assumption of risk requires deliberate and voluntary choice to assume a known risk." Wallace, 300 S.C. at 520, 389 S.E.2d at 158.
In Ellithorpe v. Ford Motor Co., 503 S.W.2d 516 (Tenn.1973), the plaintiff was injured when her automobile collided into the rear of a stopped automobile. Although the plaintiff was wearing a lap seat belt, the impact caused the plaintiff's upper body to go forward and strike a protruding emblem on the steering wheel. The Tennessee Supreme Court followed Larsen v. General Motors Corp., 391 F.2d 495 (8th Cir.1968), in holding that collisions are *1342 clearly foreseeable by the manufacturer and that the manufacturer therefore has a duty to minimize the harm of inevitable accidents by utilizing a reasonably safe design. That court held that ordinary contributory negligence was not a defense to strict liability actions. "Ordinary negligence, defined generally as the failure to exercise the care of a reasonably prudent man, is not a proper defense to strict liability actions." Ellithorpe, 503 S.W.2d at 521 (citations omitted). The court stated two reasons for not allowing contributory negligence as a defense to an action based on strict liability:
"First, allowing ordinary negligence to bar strict liability would defeat the purposes for which the theory of strict liability was created. See Prosser, The Law of Torts, Sec. 79 at 522. The manufacturer is held strictly liable because he can more easily spread the risk of loss caused by his products, and because to do so encourages him to take greater care in designing and manufacturing his products."
Ellithorpe, 503 S.W.2d at 521 (citations omitted).
"Second, Tennessee courts have never allowed contributory negligence as a defense to conduct amounting to gross negligence, or to conduct which is culpable regardless of the care exercised by the defendant. Generally, a plaintiff whose ordinary negligence proximately causes the injury cannot recover from an ordinarily negligent defendant. See Donaho v. Large, 25 Tenn.App. 433, 158 S.W.2d 447 (1942). However, ordinary negligence on the part of the plaintiff is not a defense to the gross negligence of the defendant. Stinson v. Daniel, 220 Tenn. 70, 414 S.W.2d 7 (1967). In general, recovery is not barred whenever the defendant's negligence is of a `higher degree' than that of the plaintiff. Fontaine v. Mason Dixon Freight Lines, 49 Tenn. App. 598, 357 S.W.2d 631 (1961)."
Ellithorpe, 503 S.W.2d at 521-22.
The Ellithorpe court held that the conduct giving rise to a strict products liability action was not based on negligence and that, therefore, the defense of contributory negligence was not available. The court did note that assumption of risk was available as a defense in actions based on strict products liability.
We note that in many comparative negligence jurisdictions, the defense of contributory negligence is inapplicable in a products liability action.[3]
We conclude that contributory negligence relating to accident causation will not bar a recovery in an AEMLD action. Lack of causal relation, product misuse, and assumption of risk are still valid defenses to an AEMLD action.
In the instant case, the plaintiffs also alleged negligence on the part of the defendant. Of course, contributory negligence would still be a defense to a negligence claim. The trial court should have distinguished between the AEMLD claim and the negligence claim, noting the defenses applicable to each claim.
Based on the foregoing, the judgment is reversed and the cause is remanded for a new trial. Discussion of all other issues presented on appeal is pretermitted.
REVERSED AND REMANDED.
*1343 HORNSBY, C.J., and ALMON, SHORES, ADAMS and INGRAM, JJ., concur.
MADDOX, HOUSTON and STEAGALL, JJ., dissent.
MADDOX, Justice (dissenting).
When this Court adopted the Alabama Extended Manufacturer's Liability Doctrine, it specifically stated under a section of the opinion styled "DEFENSES" that "[t]he defendant may assert the negligent conduct of the plaintiff in using the product, as well as the defense of assumption of risk." Casrell v. Altec Industries, Inc., 335 So.2d 128, 134 (Ala.1976).
That statement in the case that established the AEMLD doctrine is quite plain and specific. It should not be ignored or changed.
What other States permit or do not permit in the way of defenses is irrelevant. Alabama did not adopt the Restatement completely, but retained considerations of "fault." Alabama also retained the defense of contributory negligence.
I must respectfully disagree with this change in the law regarding the AEMLD.
HOUSTON and STEAGALL, JJ., concur.
NOTES
[1] We note that a plaintiffs' misuse of the product and assumption of risk would be available defensively in an AEMLD claim.
[2] In Nelson v. Concrete Supply Co., ___ S.C. ___, 399 S.E.2d 783 (1991), the South Carolina Supreme Court held that for all causes of action based on negligence arising on or after July 1, 1991, the doctrine of comparative negligence will apply.
[3] See Union Supply Co. v. Pust, 196 Colo. 162, 583 P.2d 276 (1978); Nichols v. Coppola Motors, Inc., 178 Conn. 335, 422 A.2d 260 (1979); Shields v. Morton Chemical Co., 95 Idaho 674, 518 P.2d 857 (1974); American Optical Co. v. Weidenhamer, 404 N.E.2d 606 (Ind.App.1980), rev'd on other grounds, 457 N.E.2d 181 (Ind. 1983); Austin v. Raybestos-Manhattan, Inc., 471 A.2d 280 (Me. 1984); Busch v. Busch Construction, Inc., 262 N.W.2d 377 (Minn. 1977); Lippard v. Hondaille Industries, Inc., 715 S.W.2d 491 (Mo. 1986); Krueger v. General Motors Corp., 240 Mont. 266, 783 P.2d 1340 (1989); Melia v. Ford Motor Co., 534 F.2d 795 (8th Cir.1976) (applying Nebraska law); Holloway v. State, 239 N.J.Super. 554, 571 A.2d 1324 (1990); Robinson v. Parker-Hannifin Corp., 4 Ohio Misc.2d 6, 447 N.E.2d 781 (1982); Kirlcland v. General Motors Corp., 521 P.2d 1353 (Okla.1974); McMeekin v. Harry M. Stevens, Inc., 365 Pa.Super. 580, 530 A.2d 462 (1987); Roy v. Star Chopper Co., 584 F.2d 1124 (1st Cir.1978), cert. den., 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979) (applying R.I. law); Klug v. Keller Industries, Inc., 328 N.W.2d 847 (S.D.1982); Guadiano v. Fleishman, 636 S.W.2d 785 (Tex.App.1982) rev'd on other grounds, 651 S.W.2d 730 (Tex. 1983).