**James E. CAMPBELL, Plaintiff–Appellant, Cross–Appellee,**

**Highlands Insurance Company, a corporation, Intervenor,**

v.

**CUTLER HAMMER, INC.; Champion Paper Company, Defendants,**

**Eaton Corporation, Defendant–Appellee, Cross–Appellant,**

**Champion International Corporation, Defendant.**

No. 92–6696.

United States Court of Appeals, Eleventh Circuit.

Aug. 4, 1993.

---

Gary L. Aldridge, Kevin J. Hawkins, Aldridge & Hawkins, Birmingham, AL, Jack Drake, Tuscaloosa, AL, for appellant.

R. Benjamine Reid, Wendy F. Lumish, Miami, FL, for appellee.

Before HATCHETT, Circuit Judge, RONEY, Senior Circuit Judge, and ATKINS *, Senior District Judge.

PER CURIAM:
CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF ALABAMA PURSUANT TO RULE 18 OF THE ALABAMA RULES OF APPELLATE PROCEDURE.
TO THE SUPREME COURT OF ALABAMA AND ITS HONORABLE JUSTICES.

In this appeal from a judgment entered by the United States District Court for the Northern District of Alabama, appellant argues that contributory negligence in causing an accident no longer serves as a bar to recovery in any Alabama Manufacturer's Extended Liability Doctrine case. We find that the dispositive question of law in this case remains open, and, therefore, certify to the Supreme Court of Alabama the question governing this case.

In the process of updating its facilities, Champion Paper Company installed motor control centers manufactured by Eaton Corporation. A motor control center is a piece of equipment that receives electricity from the outside and serves as a power source for the plant. Each motor control center is made up of a series of motor control units of varying sizes. Each motor control unit contains several starters.

During installation, a number of doors to the starters in the motor control centers became loose or came off. Most sizes of the starters were guarded by a line shield to protect workers from electric shock. However, size 3 and 4 starters were unguarded. James Campbell, who had experience with motor control centers, was tightening a loose door on a size 4 starter. Campbell's ratchet came in contact with an unguarded bus bar of the starter causing an explosion and severely injuring him. While the power to the particular unit was turned off, Campbell knew that the main breaker to the motor control center remained on. Further, Campbell did not use insulated tools to tighten the door.

Campbell brought suit against Eaton and Champion in state court on the basis of the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). The action was subsequently removed to federal district court. At the jury trial, the district judge gave an instruction on the issue of contributory negligence. In response to special interrogatories, the jury found that a proximate cause of the accident was the motor control unit's being, by reason of the absence of a line shield or no warning, unreasonably dangerous for its expected uses. The jury also found that a proximate cause of the accident was the plaintiff's failure to use reasonable care to avoid injury to himself. The district judge, concluding that the finding of contributory negligence barred Campbell from recovery as a matter of law, declined to enter

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

the $600,000 verdict the jury found as damages.[1]

The parties agree that the defense of contributory negligence is a complete defense to an ordinary negligence claim in Alabama. *Knight v. Alabama Power Co.*, 580 So.2d 576 (Ala.1991). The question is whether it is a defense to this products liability claim under Alabama state law. The argument focuses on the holding in *Dennis v. American Honda Co., Inc.*, 585 So.2d 1336 (Ala.1991).

In *Dennis*, Autrey Dennis was severely injured when his motorcycle collided with a truck. Dennis' injuries were compounded by a defective helmet he was wearing at the time of the accident, manufactured by American Honda Motor Company, Inc. Dennis was contributorily negligent in causing the accident but *not* in the use of the defective helmet. Reasoning that a manufacturer who places an unreasonably dangerous or defective product in the market should pay the consequences of its actions, the Alabama Supreme Court stated that, "contributory negligence relating to accident causation will not bar recovery in an AEMLD action." *Dennis*, 585 So.2d at 1342.[2]

While plaintiff points to the language of the *Dennis* opinion that states that contributory negligence related to accident causation would not bar recovery, Eaton argues that the defense of contributory negligence remains available because Campbell's alleged negligence was in his use of the product rather than negligence unrelated to the defective product as in *Dennis*.

Nothing about the helmet in *Dennis* had anything to do with the motorcycle accident to which the plaintiff's negligence contributed. In his concurring opinion in *Savage Industries, Inc. v. Duke*, 598 So.2d 856, 860 (Ala.1992), Justice Houston stated that while Dennis' negligence in causing the motorcycle accident did not bar recovery against the manufacturer of the helmet, negligence in use of the helmet would have barred recovery. Because Justice Houston's comments were in a concurrence rather than the holding of the court, Campbell argues they cannot be taken to be the law of Alabama. Further, it is unclear whether the opinion was referring to the defense of contributory negligence or the defense of product misuse. Since no Alabama decision is directly on point, we conclude that the dispositive question of law presented by this case remains open. The question presented is an important one meriting certification. Accordingly, we respectfully certify the following question of law to the Alabama Supreme Court:

> DOES CONTRIBUTORY NEGLIGENCE BAR RECOVERY IN AN ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE CASE IF A PROXIMATE CAUSE OF THE ACCIDENT WAS THE UNREASONABLY DANGEROUS CONDITION OF THE PRODUCT, BUT A CONTRIBUTING PROXIMATE CAUSE OF THE ACCIDENT WAS THE PLAINTIFF'S FAILURE TO USE REASONABLE CARE TO AVOID INJURY TO HIMSELF?

Our particular phrasing of this question is not intended to limit the Supreme Court's inquiry. The Court is at liberty to consider the problems and issues involved in this case as it perceives them to be. In order to assist the Court, the entire record in this case and copies of the briefs of the parties are transmitted herewith.

QUESTION CERTIFIED.

### APPENDIX A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

Southern Division

Case No. CV 91–AR–1061–S

JAMES E. CAMPBELL, Plaintiff;

-vs.-

EATON CORPORATION, Defendant.

SPECIAL VERDICT

We, the jury, find as follows:

---

1. Copies of the Special Verdict and the district court's opinion are attached as Appendix A and Appendix B to this opinion.

2. Note that the *Dennis* court suggested that the defenses of product misuse and assumption of the risk would remain available to the defendant. These defenses appear to be unrelated to the defense of contributory negligence. *See* Alabama Pattern Jury Instruction, Jury Charge 32.19.1.

1. Has the plaintiff proved by a preponderance of the evidence that a proximate cause of the accident was the motor control unit's being, by reason of the absence of a line shield (or the lack of a warning about the absence of a line shield), unreasonably dangerous for its expected uses?

YES
_____
(yes or no)

*(If "no", skip remaining questions.)*

2. What amount will fairly compensate the plaintiff for the damages sustained by him as a result of the accident?

$ 600,000.00
_____

3. Has the defendant proved by a preponderance of the evidence that a proximate cause of the accident was—
   (a) the plaintiff's subjecting himself unnecessarily to a hazard which he knew and appreciated?

   NO
   _____
   (yes or no)

   (b) the plaintiff's failure to use reasonable care to avoid injury to himself?

   YES
   _____
   (yes or no)

This the 9 day of July, 1992.

/s/ William H. Hill
Foreman

1. In pretrial proceedings the plaintiff withdrew any claims based on negligence or breach of warranty, limiting his claims to those under AEMLD.

2. Campbell previously recovered $100,000 under a pro tanto settlement from Champion Interna-

APPENDIX B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

Southern Division

Case No. CV 91–AR–1061–S

JAMES E. CAMPBELL, Plaintiff;

-vs.-

EATON CORPORATION, Defendant.

OPINION AND ORDER

[Filed July 13, 1993]

Jim Campbell, an electrician employed by Brown & Root on a construction project at Champion International's Courtland plant, was badly burned when an uninsulated ratchet he was using to tighten the hinges on an Eaton motor control unit contacted a bus bar charged with 480 volts of electricity. On July 9, 1992, the jury returned a special verdict finding that the absence of a line shield made defendant Eaton's motor control unit unreasonably dangerous under Alabama's Extended Manufacturer's Liability Doctrine (AEMLD) and was a proximate cause of the accident.[1] The jury found that fair compensation for the damages sustained or to be sustained by Campbell as a result of the accident was $600,000. However, the jury also found that another proximate cause of the accident was Campbell's failure to use reasonable care for his own safety.

Should judgment be entered for Campbell against Eaton in the amount of $500,000?[2] Or should judgment be entered in favor of Eaton? The answer depends on the effect to be given to the jury's finding of contributory negligence. Eaton has argued that under *Atkins v. American Motors Corp.*, 335 So.2d 134 (Ala.1976), and its progeny, contributory negligence is a complete defense to Campbell's AEMLD claim. Campbell has argued

tional, the company at whose plant site the control units were being installed by Brown & Root. The parties agreed that the court would reduce any verdict against Eaton by the amount previously recovered by Campbell from Champion.

that contributory negligence is, since *Dennis v. American Honda Motor Co.*, 585 So.2d 1336 (Ala.1991), no longer a defense to an AEMLD claim.

The plaintiff in *Dennis* had sued the manufacturer of a helmet he had been wearing at the time his motorcycle collided with a truck. He claimed that his injuries from the accident were aggravated by defects in the design and manufacture of the helmet, which was intended to protect against such injuries. The trial court charged the jury that plaintiff would be barred from recovery under AEMLD not only for contributory negligence with respect to the manner in which he was using the helmet but also—over plaintiff's objection—for contributory negligence in causing the accident itself. After a verdict for the defendant, plaintiff appealed to the Alabama Supreme Court on the issue of contributory negligence in causing the accident as a defense in this claim against the manufacturer of the helmet.

The Alabama Supreme Court reversed and remanded for a new trial on this issue. It held (*id.* at 1339) that "contributory negligence *as it related to accident causation* was not a defense to recovery under *this* AEMLD claim." (Emphasis added.) The court stated as follows (*id.* at 1340):

> Certainly, a foreseeable use of a motorcycle helmet is to protect the head from injuries if the motorcyclist is involved in an accident. In fact, a motorcycle helmet is a safety device designed to protect the motorcyclist's head from injury, regardless of who caused the accident. It would be wholly inconsistent to allow the manufacturer of a safety device such as a motorcycle helmet to design a defective product and then allow that manufacturer to escape liability when the product is used for an intended use, i.e., the very purpose of the helmet.

The court did not reject all forms of contributory negligence in AEMLD actions. It indicated (*id.* at 1339) that contributory neg-

ligence would continue to be a defense in AEMLD actions when based on plaintiff's misuse of the product. The key is the relationship between the type of product or defect involved and the type of contributory negligence asserted as a defense. For a product designed to reduce the severity of injuries resulting from accidents—such as a helmet for a motorcyclist, a seat belt for occupants of an automobile, or a roll-bar on a tractor—a manufacturer should not be shielded from responsibility because of the fortuity of plaintiff's negligence in causing an accident, but would be entitled to the defense if based on plaintiff's negligent misuse of the product.[3] Of course, with other products a misuse may affect not the severity of injuries from an accident but rather whether an accident occurs in the first place.

The jury here found that this accident would not have occurred but for Eaton's failure to provide a line shield over the live bus bars and Campbell's failure to use reasonable care for his own safety. Unlike *Dennis*, Campbell's claim does not involve a product designed to protect against the severity of injuries after some accident has occurred, in which the cause of the accident is essentially irrelevant to whether the product was unreasonably dangerous when put to its intended purposes. This case involves a product that, even with its design defect found by the jury, would not have resulted in any accident or injuries but for Campbell's own negligence in using—or misusing—the product. The jury found that, by working on a motor control unit within a few inches of a bus bar charged with 480 volts of electricity, using an uninsulated ratchet and not disconnecting the unit from its power supply, Campbell was contributory negligent. This was a misuse of the product which is a bar to recovery.

Attached is a form of judgment approved by the court for entry by the Clerk.

This the 10th day of July, 1992.

---

**3.** For example, the Supreme Court in *Dennis* did not suggest that the trial court should not have charged the jury on the plaintiff's alleged contributory negligence concerning how he was wearing the helmet at the time of the accident.

/s/ Sam C. Pointer, Jr.
United States District Judge