The majority concludes that the trial court erred in failing to give the specific jury charge on contributory negligence. With this conclusion, I respectfully dissent.
We all know that dissents seldom provide an engine of change in case law or, for that matter, in anything else. Most, like cheap novels, are quickly read and as quickly laid aside. It must always be the majority that represents the force for change or the inertia to remain the same. Unfortunately, to remain the same in this matter only causes legal confusion, while the complexity of products liability law continues to escalate in both the trial and appellate courts of Alabama.
My intention here reflects something short of writing a treatise on the burden that the defense of contributory negligence places on the modern concept of products liability law in Alabama. Yet, I am under my own compulsion to offer a shorthand rendition in this dissent indicating why I believe that the defense of contributory negligence has no place in products liability cases and why it should give way to the defenses of product misuse and assumption of the risk when the causal relationship is present.
I believe we need to propel ourselves into the mainstream of American jurisprudence in regard to products liability law. The course we must follow to achieve such a goal is simple. In my opinion, we must either adopt the doctrine of strict liability, as it is stated in § 402A, Restatement (Second) of Torts
(1965), or we must remove contributory negligence as a defense in products liability cases.
Since 1965, most American jurisdictions have adoptedRestatement § 402A. I believe it would be sufficient to state that the doctrine is one that provides strict liability as an alternative method to traditional and conventional negligence-based torts and to a contract/warranty theory of recovery. In 1976, this Court flirted with the adoption of strict liability in the case of Atkins v. American MotorsCorp., 335 So.2d 134 (Ala. 1976). However, the Atkins Court slammed the door shut on strict liability and instead adhered to the proposition that "selling a dangerously unsafe product is negligence as a matter of law." 335 So.2d at 141. While the concept of "negligence as a matter of law" is closely enough related to the doctrine of strict liability so as to provide access to the purposes of the AEMLD, I find it to be more cumbersome than the doctrine of strict liability. After almost two decades, we have grown somewhat accustomed to the use of the basic negligence concepts in AEMLD cases. However, I believe it is a mistake to grow accustomed to carrying the excess baggage required by adhering to the contributory negligence defense. In my opinion, this devotion to contributory negligence has become the Achilles' heel of products liability law in Alabama.
It could well be that in its effort to hold fast to traditional and conventional notions of negligence-based theories of recovery, the majority feels some compulsion to provide for the defense of contributory negligence as its counterpart. There seems to be no other reason for such adherence to what I believe to be an unworkable defense. The dilemma this presents for the bench and bar is that contributory negligence as a defense cannot be logically (and should not be legally) reconciled with products liability theories. The consuming public of Alabama should be afforded a more level field for litigation purposes, and I believe that the complete abolition of the doctrine of contributory negligence in AEMLD cases would place us one step closer to such a goal. *Page 570 
The issue of contributory negligence in AEMLD cases has been before this Court before. In Dennis v. American Honda MotorCo., 585 So.2d 1336 (Ala. 1991), I mistakenly thought that this Court might have put an end to the problem of contributory negligence as a defense in AEMLD cases. However, such was not the case. In Dennis, this Court discussed the problems associated with the use of contributory negligence as a defense in AEMLD cases. We examined cases applying the law of products liability in this jurisdiction, as well as cases from other jurisdictions. We noted that "[a]lthough contributory negligence is recognized generally as a defense to AEMLD actions, the Atkins Court seemed to indicate that the defense is available only under certain defensive theories, e.g., 'plaintiff's misuse of the product.' " Dennis, 585 So.2d at 1339. The Court then specifically held that, as it relates toaccident causation, contributory negligence is not a proper defense in AEMLD cases. However, we also discussed the terms "product misuse" and "contributory negligence" and noted the state of confusion that surrounds these two terms.
In Dennis, we discussed Harley-Davidson, Inc. v. Toomey,521 So.2d 971 (Ala. 1988), and noted that contributory negligence was not a defense to the AEMLD claim in that case. Specifically, we stated:
 "This Court [in Toomey] held that the motorcyclist was not contributorily negligent, because he 'was wearing the helmet properly with all four snaps fastened' and 'there [was] no evidence that he failed to exercise reasonable care in wearing the helmet.' 521 So.2d at 974 (citation omitted). Clearly, this Court referred to product misuse in discussing contributory negligence as a defense."
585 So.2d at 1340 (emphasis added).
Nevertheless, Dennis did not solve the entire problem. But, what Dennis did resolve was the separation of accident causation from the AEMLD liability law. The effect of the holding in Dennis was to bifurcate accident causation from products liability claims.
In Dennis, the plaintiff, while riding his motorcycle, collided with a log truck. It is undisputed that the plaintiff, because of his failure to exercise ordinary care, was contributorily negligent in causing the collision with the other vehicle. However, it is abundantly clear that his helmet, which was manufactured by Honda, did not contribute to the collision with the other vehicle. There was no products liability case to be made at the instant of impact; rather, the alleged defectiveness of the helmet came into question only during the milliseconds of the collision progression. In other words, it was only after the collision occurred that the helmet failed to protect the plaintiff, the failure resulting in liability due to a defective product. Clearly, the helmet was not designed to protect its user from colliding with another vehicle, but instead was designed and manufactured to prevent or minimize injuries once the user was involved in an accident.
The careful reader must realize that accident causation and injury to a person by a defective product are not always one and the same thing. When they are simultaneous so that no distinction can be made, then assumption of the risk becomes the tailor-made trial defense. (For a discussion of assumption of the risk, see my dissent in Campbell v. Cutler Hammer, Inc.,646 So.2d 573 (Ala. 1994). The product misuse defense may also fit into a similar defensive theory, depending on the facts involved.
In the instant case, Saint may have been contributorily negligent when she lost control of the automobile she was driving, causing it to leave the road and strike a tree, but it was only at that instant beyond initial impact when the seat belt failed to hold her in her seat that she received the extensive injuries that she sustained. So long as there is no collision, the fastened seat belt in a vehicle is not called into service. But the instant after initial impact, the fastened seat belt is called upon to protect its occupant from being thrown loose inside the vehicle or being thrown out of the vehicle. The purpose for which any seat belt is designed and manufactured is to secure a passenger in the vehicle seat so as to minimize injury to the passenger. When it fails to perform the very task for which it is designed, the passenger should be afforded an opportunity to prove that it is *Page 571 
a defective product. In my opinion, this Court was absolutely correct in its holding, as far as it went, in Dennis. However, I am afraid that the holding here today threatens to cancel the important forward step this Court took there. Therefore, I feel compelled to advocate my views on the eradication of contributory negligence as a defense in AEMLD cases.
I find that, ironically, the principal argument supporting the abolishment of contributory negligence as a defense in products liability cases is drawn from our 1976 Atkins case. InAtkins the Court stated that "the development of products liability law reflects society's attempt to balance its need for industrial expansion with the desire to protect the consuming public from unreasonably dangerous products." 335 So.2d at 137. This is a true and noble statement, but it becomes little more than a hollow gesture when contributory negligence is allowed to "trip up" the complex machinery of products liability law. Such a defense is especially troublesome when we already have the defense of product misuse in place to protect the defendants in products liability cases. It appears quite clear to me that the defense of misuse is more in line with the policy considerations underlying the adoption of the AEMLD.
The defense of misuse has a specialized meaning that is distinct from that of traditional contributory negligence. A true misuse occurs only when one is injured after using a product in some unforeseeable manner for which it was not reasonably intended. The actual defect in the product does not appear to reasonable observation until after the misuse has occurred.[1]
When asserting misuse as a defense under the AEMLD, the defendant must establish that the plaintiff used the product in some manner different from that intended by the manufacturer or the seller. Furthermore, the plaintiff's use of the product must not have been reasonably foreseeable by the manufacturer or the seller. If any particular misuse of a product by the user is foreseeable by the manufacturer or the seller, and the manufacturer or the seller either fails to eliminate the danger or fails to provide an adequate warning, then the defense of misuse should not be allowed to defeat the claims of the plaintiff.
As I stated above, I believe the defense of misuse is in line with the policy considerations underlying the adoption of the AEMLD. However, I believe the majority glosses over the importance of product misuse in order to simply hold that the trial court erred in failing to charge the jury on contributory negligence. In the instant case, the trial court charged the jury concerning the defense of product misuse. In other words, the trial court informed the jury that if they found it was either intended or foreseeable by the manufacturer that consumers would pull slack in their seat belts, then the defense of misuse would not bar the plaintiff from recovery. According to that charge, the jury found that the defense of misuse of the product was not applicable to the facts. The jury necessarily found that it was either intended or foreseeable by the manufacturer that a passenger would pull slack in the seat belt after it was fastened. Therefore, the plaintiff did not misuse the product by doing something that the manufacturer intended or foresaw that a passenger would do.
Clearly, if the manufacturer intended or foresaw that the consumers would use the product in this way, the manufacturer should not escape liability when the consumer uses a product in such a manner. However, now, under the majority's opinion, the jury will be further instructed that if it finds that the plaintiff was negligent because she pulled slack in her seat belt, then the defendant would not be liable. Therefore, under the majority's holding, even though the manufacturer knew that people would probably pull slack in the seat belt, i.e., it was foreseeable, it is irrelevant if the jury determines that the plaintiff failed to exercise due care in pulling the slack in the seat belt. It seems clear to me that a charge on contributory negligence does away with the issue of foreseeability in products liability cases. To allow the plaintiff's *Page 572 
negligence to be a complete bar to recovery for injury caused by a defective product directly opposes the policy behind the adoption of the AEMLD.
In conclusion, I believe that the majority's decision to continue to incorporate contributory negligence as a defense in products liability cases is a serious impediment to products liability law in the state of Alabama. The action of the majority on this question strikes a crippling blow to products liability law in this state. I insist that the time is right for the people of Alabama to have a products liability plan, at the hands of this Court, that encompasses the best in America instead of the worst. For the above stated reasons, I dissent.
[1] By contrast, when a person knows of a defect or has been warned of a specific danger and proceeds to use a product in an unforeseeable manner, such product utilization is more properly classified as assumption of the risk.