James Campbell, an experienced electrician, was severely injured when he touched the noninsulated rachet wrench he was using to tighten the hinges on an Eaton motor control unit to a bus bar charged with 480 volts of electricity. Campbell sued Eaton Corporation, the manufacturer of the motor control unit, along with other named defendants, in the Lawrence County Circuit Court. Campbell claimed that because the motor control unit did not have a line shield it was "unreasonably dangerous" as that term is used in our cases decided under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD) and therefore defective. Campbell further contended that that defect was the proximate cause of his injury. The case was removed to the United States District Court and was tried before a jury. That jury entered a special verdict, finding the unshielded bus bar unreasonably dangerous and awarding Campbell $600,000 in damages. However, the jury also found that Campbell was contributorily negligent by failing to use reasonable care for his own safety.
As a result, the Court of Appeals for the 11th Circuit certified the following question to us: "Does contributory negligence bar recovery in an Alabama Extended Manufacturer's Liability Doctrine case if a proximate cause of the accident was the unreasonable dangerous condition of the product, but a contributing proximate cause of the accident was the plaintiff's failure to use reasonable care to avoid injury to himself?" A majority of this Court answers the certified question in the affirmative, thereby, in my opinion, effectively allowing the manufacturer of a defective product to avoid accountability for placing the product on the market. This was not the result intended by the AEMLD.
Initially, I note that the majority's opinion in this case is based on the premise that misuse was the defendant's proper defense in this action. I believe this premise is incorrect. Campbell did not misuse the bus bar (nor did he misuse the rachet wrench for that matter); instead, he used a noninsulated wrench to tighten hinges on a motor control unit; these hinges were located next to an unguarded bus bar charged with 480 volts of electricity. Campbell, an experienced electrician, used the noninsulated rachet wrench without disconnecting the power. It is quite clear to me that Cutler Hammer would be entitled to the defense of assumption of the risk, but not the defense of product misuse, and certainly not the defense of contributory negligence.
The growing difficulty of fitting our traditional concept of contributory negligence to the advancing complexities of products liability cases has long presented problems for both judges and lawyers in this state. The time has arrived when Alabama should achieve some semblance of clarity in this area of the law. My research shows that only two other states still retain the concept of contributory negligence in their tort law, and neither of those states allows contributory negligence as a defense in products liability cases. Contrary to the majority's opinion in Saint v. General Motors Corp.,646 So.2d 564 (Ala. 1994), and in this case, I believe that contributory negligence, regardless as to the issue it relates (such as accident causation), is not relevant in a products liability case. In my opinion, contributory negligence cannot logically, and should not legally, be considered a valid defense under the AEMLD.
This Court, in Casrell v. Altec Industries, Inc.,335 So.2d 128 (1976), and Atkins v. American Motors Corp., 335 So.2d 134,138-39 (Ala. 1976), adopted our present version of the AEMLD in order to protect consumers against injuries caused by defective products. Although the language of the AEMLD is similar to that of Restatement (Second) of Torts § 402A (1965), this Court has specifically declined to adopt in total the strict liability concept of § 402A, preferring instead to retain the fault-based concepts associated with traditional negligence actions. TheAtkins Court held that where a manufacturer places a defective product into the stream of commerce, thereby exposing the consumer to an unreasonable risk of harm, that manufacturer *Page 577 
is negligent as a matter of law, subject to allowable defenses.Atkins, 335 So.2d at 141. These defenses are: 1) lack of a causal relation between the plaintiff's injury and the manufacture of the product; 2) assumption of the risk; and 3) contributory negligence, specifically as it relates to the plaintiff's misuse of the product. Atkins, supra, at 143.
A few years later in Dennis v. American Honda Motor Co.,585 So.2d 1336 (Ala. 1991), this Court held that the defense of contributory negligence was not available in regard to a claim of accident causation, but it stopped short of declaring that it was not available in AEMLD actions. Dennis did allow that contributory negligence, as it related to product misuse, was still a valid defense under the AEMLD. Dennis, 585 So.2d at 1339.
Although product misuse and assumption of the risk are closely related to the concept of contributory negligence, there are important distinctions. Contributory negligence is a much broader concept than either product misuse or assumption of the risk. In a traditional negligence action, even the smallest amount of fault on the part of the plaintiff can bar a recovery. This means that if contributory negligence is allowed as a defense in products liability cases, then the defendant manufacturer often will not have to pay the consequences of placing an unreasonably dangerous or defective product on the market; hence, the fundamental purpose of the AEMLD is thwarted.
For too many years now, this Court has continued to lump contributory negligence and product misuse into the same category, when, in reality, they are separate and distinct concepts. Our inquiry into the problems presented by the sustained attempt to use the doctrine of contributory negligence has led me to the conclusion that the defense of product misuse is more properly suited to a comprehensive procedure than is the defense of contributory negligence. Contributory negligence is little more than the consumer's failure to exercise due care in utilizing a defective product. On the other hand, product misuse occurs when the plaintiff utilizes the product both in a manner different from that intended by the manufacturer and in a manner that was not reasonably foreseeable by the manufacturer. It is all too obvious to me that Cutler Hammer is not entitled to the defense of product misuse, because the bus bar was being used in the manner in which it was intended to be used.
Even if we take the majority's view that contributory negligence is still a permissible defense in cases of product misuse, the manufacturer's use of that defense would still be inappropriate in this case. I believe that the only defense Cutler Hammer is entitled to is assumption of the risk. This Court has previously noted that contributory negligence and assumption of the risk are separate and distinct concepts. SeeAtkins, supra. In Atkins, this Court recognized assumption of the risk as a valid defense under the AEMLD and adopted the language of Comment N to § 402A of the Restatement: "If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery."
I believe that the Restatement definition of assumption of the risk encompasses three elements. First, the plaintiff must have known and appreciated the danger of his action. Second, the plaintiff must have encountered the risk voluntarily. Third, the plaintiff's decision to encounter the risk must have been unreasonable. Only if these three elements coexist should the doctrine of assumption of the risk bar the AEMLD plaintiff from recovery. The defense of contributory negligence, on the other hand, is based on carelessness and inadvertence and does not take into account the plaintiff's appreciation of the danger. Dennis, 585 So.2d at 1341, citing Wallace v.Owens-Illinois, Inc., 300 S.C. 518, 389 S.E.2d 155
(Ct.App. 1989). Campbell was an experienced electrician; therefore, there is a question of fact as to whether he had knowledge of the risk of danger and appreciated that risk. Furthermore, Campbell voluntarily assumed that risk by using a noninsulated rachet wrench near a live bus bar; therefore, a question of fact exists as to whether his assumption of that risk was reasonable. Assuming that the jury could find from the evidence that the *Page 578 
three elements coexisted, then Cutler Hammer would be entitled to claim that Campbell assumed the risk of electric shock and was therefore barred from recovery. Nonetheless, these are questions of fact for a jury that reach beyond simple contributory negligence.
For the foregoing reasons, I respectfully dissent from the majority opinion in this case.