619 So.2d 1330 (1993)
Ricky WILLIAMS
v.
DELTA INTERNATIONAL MACHINERY CORPORATION, and Powermatic, a Division of DeVlieg-Bullard, Inc.
1901255.
Supreme Court of Alabama.
March 12, 1993.
Rehearing Denied April 9, 1993.
James J. Thompson, Jr., Scott A. Powell and Bruce J. McKee of Hare, Wynn, Newell & Newton, Birmingham, for appellant.
Craig A. Alexander of Lange, Simpson, Robinson & Sommerville, Birmingham, for appellee Delta Intern. Machinery Corp.
Warren B. Lightfoot and Adam K. Peck of Lightfoot, Franklin, White & Lucas, Birmingham, for appellee Powermatic, a Div. of DeVlieg-Bullard, Inc.
Joe C. Cassady, Sr. of Cassady, Fuller & Marsh, Enterprise, for amicus curiae Sessions Co., Inc.
Jack B. Hood of Crosby, Saad & Beebe, P.C., Birmingham, for amicus curiae Owens-Corning Fiberglass Corp.
Crawford S. McGivaren, Jr. and Richard Eldon Davis of Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, for amici curiae Alabama Retail Ass'n, Alabama League of Municipalities, Ass'n of County Commissions of Alabama, Alabama Hosp. Ass'n, Alabama Road Builders' Ass'n, Inc., Home Builders Ass'n of Alabama, Alabama Cattlemen's Ass'n, Alabama Branch, Associated Gen. Contractors, Alabama Poultry & Egg Ass'n, Consulting Engineers Council of Alabama, Auto. Dealers Ass'n of Alabama, Inc., Alabama Textile Mfrs. Ass'n, Alabama Asphalt Pavement Ass'n, Alabama Propane Gas Ass'n, Alabama Coal Ass'n, Alabama Concrete Industries Ass'n, Alabama Trucking Ass'n, *1331 Alabama Nursing Home Ass'n, Alabama Farm Machinery Dealers Ass'n, Alabama Hosp. Ass'n Trust and Fund, Alabama Forestry Ass'n, Alabama Ass'n of Life Underwriters, Alabama Cast Metals Ass'n, Alabama Pharmaceutical Ass'n, Alabama Rural Elec. Ass'n of Cooperatives, Inc., Alabama Oilmen's Ass'n/Alabama Ass'n of Convenience Stores, Associated Builders & Contractors of Alabama, Inc., Alabama Hotel & Motel Ass'n, Professional Ins. Agents of Alabama, Alabama Vending Ass'n, Organization Management, Inc., Alabama Funeral Directors Ass'n, Alabama Aggregates Ass'n and Alabama Cable Television Ass'n.
W. Stancil Starnes, W. Michael Atchison, Jeffrey E. Friedman and P. Perry Finney of Starnes & Atchison, Birmingham, for amici curiae Edge Mem. Hosp., Monroe County Hosp., South Baldwin Hosp., Southeast Alabama Regional Medical Center, Vaughn Regional Medical Center, Houston County Medical Soc., Lauderdale County Medical Soc., Marion County Medical Soc., Morgan County Medical Soc., Tallapoosa County Medical Soc. and Tuscaloosa County Medical Soc.
Allen W. Howell, Montgomery, amicus curiae and attorney at law, Montgomery.
Edgar M. Elliott III, Deborah Alley Smith and Rhonda K. Pitts of Rives & Peterson, Birmingham, for amici curiae State Farm Mut. Auto. Ins. Co. and State Farm Fire and Cas. Co.
Jack Drake of Drake & Pierce, Tuscaloosa, and Bruce McKee of Hare, Wynn, Newell & Newton, Birmingham, for amicus curiae Alabama Trial Lawyers Ass'n.

ON REHEARING EX MERO MOTU[1]
HOUSTON, Justice.
Ricky Williams was a cabinetmaker and woodworker at Madix Cabinet Shop in Goodwater, Alabama. Williams's job was to push boards across a table saw to cut grooves for drawers. On the day of his injury, Williams was pushing a board across an expandable dado blade[2] on a table saw, when the board suddenly "kicked back" and Williams's left hand went into the table saw blade. Williams lost his little finger and much of his thumb and suffered other cuts on his hand. The Powermatic division of DeVlieg-Bullard, Inc. (hereinafter "Powermatic"), manufactured the table saw, and Delta International Machinery Corporation ("Delta") manufactured the expandable dado blade.
Williams sued Powermatic and Delta (and other defendants who are not parties to this appeal and whose absence here in no way affects this appeal), alleging, among other things, negligence and liability under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). Powermatic and Delta's answers included general denials and the affirmative defenses of contributory negligence and assumption of the risk. The case went to a jury on the negligence and AEMLD claims, after the trial court had denied Powermatic and Delta's motions for directed verdicts.
Williams had not moved for a directed verdict as to the affirmative defenses of contributory negligence and assumption of the risk. However, he had requested a charge on comparative negligence in lieu of a charge on contributory negligence; the trial court refused to give it, stating: "I have considered that charge and I am consciously electing to reject it and it has been properly raised.... I'm going to [charge the jury on] plain Alabama contributory negligence as a complete defense."
The jury returned a general verdict in favor of Powermatic and Delta, and the court entered a judgment on that verdict. Williams appealed, raising what he called "two issues of pure law": (1) Whether the rule of Dennis v. American Honda Motor Co., 585 So.2d 1336 (Ala.1991), applies to this case; and (2) if not, whether the doctrine *1332 of contributory negligence should be abandoned in favor of the doctrine of comparative negligence and the comparative negligence doctrine applied in this case.

I.
Powermatic contends that Williams's first issue is not properly before this Court, because Williams did not object to the giving of the contributory negligence charge on the ground that contributory negligence was not a defense to an AEMLD claim. Powermatic is correct. Williams requested that the trial court adopt the comparative negligence standard in lieu of the contributory negligence standard, as some Justices of this Court have urged this Court to do. See Campbell v. Alabama Power Co., 567 So.2d 1222 (Ala. 1990) (Hornsby, C.J., dissenting). At the conclusion of the trial court's charge, in response to the question "Exceptions for plaintiff?" the attorney for Williams stated to the trial court: "I know you have relieved me of the burden of objecting to the [charge on contributory negligence] and the failure of the Court to give [a charge on comparative negligence, but] just [out of] an abundance of caution ... [sic]." The trial court stated: "Just for the record, we'll consider that you have again requested those charges and objected to my not giving them." Williams's objection was not specific enough with respect to the charge on contributory negligence for us to review the first issue. Rule 51, Ala.R.Civ. P.; Crigler v. Salac, 438 So.2d 1375 (Ala. 1983).
However, because there appears to be some confusion as to the proper interpretation of Dennis v. American Honda Motor Co., supra, we direct the attention of the bench and bar to the specific holding in Dennis, which involved an AEMLD claim against American Honda Motor Company ("Honda") with respect to an allegedly defective motorcycle helmet. The plaintiff was injured when the motorcycle he was driving collided with a log truck. Honda contended that the accident was caused by contributory negligence on the part of the plaintiffspeeding and in running into the back of the log truck. The trial court instructed the jury, in essence, that if it found that the plaintiff had negligently operated the motorcycle and that his negligence had contributed to cause the accident, then it should return a verdict in Honda's favor.
On the appeal in Dennis, the majority of this Court stated the issue as follows: "[W]hether the trial court erred in charging the jury on contributory negligence as it related to the cause of the accident." If the contributory negligence instruction had been limited to the plaintiff's failure to exercise reasonable care in his wearing of the helmet (i.e., if it had related to an alleged product misuse), then such an instruction would have been proper under this Court's previous interpretations of the AEMLD. See Harley-Davidson, Inc. v. Toomey, 521 So.2d 971 (Ala.1988). Justice Kennedy, for a majority of this Court, wrote in Dennis: "It would be wholly inconsistent to allow the manufacturer of a safety device such as a motorcycle helmet to design a defective product and then allow that manufacturer to escape liability when the product is used for an intended use, i.e., the very purpose of the helmet." 585 So.2d at 1340. The trial error in Dennis was in not limiting the contributory negligence charge to the plaintiff's use of the helmet as opposed to the plaintiff's allegedly negligent operation of his motorcycle. Although contributory negligence has been recognized generally as a defense to AEMLD actions, in Atkins v. American Motors Corp., 335 So.2d 134 (Ala. 1976), this Court seemed to indicate that the defense is available only under certain defensive theories, e.g., "plaintiff's misuse of the product." 335 So.2d at 143.
We note that in this case, Williams's negligence was predicated solely upon his misuse of productsthe table saw and the dado bladeneither of which was a safety device being used as intended by the manufacturer to protect people from negligent acts. The rule of Dennis v. American Honda Motor Co. does not apply to this case, because the only contributory negligence *1333 alleged in this case involved the use of the table saw and the dado blade.

II.
We next address the second issue of "pure law": Whether the doctrine of contributory negligence should be abandoned in favor of the doctrine of comparative negligence.
We have heard hours of oral argument; we have read numerous briefs; we have studied cases from other jurisdictions and law review articles; and in numerous conferences we have discussed in depth this issue and all of the ramifications surrounding such a change. After this exhaustive study and these lengthy deliberations, the majority of this Court, for various reasons, has decided that we should not abandon the doctrine of contributory negligence, which has been the law in Alabama for approximately 162 years. See Bethea v. Taylor, 3 Stew. 482 (Ala.1831).
AFFIRMED.
MADDOX, ALMON, ADAMS and STEAGALL, JJ., concur.
HOUSTON, J., concurs specially.
KENNEDY, J., concurs in the result.
HORNSBY, C.J., and SHORES, J., concur as to Part I; dissent as to Part II.
INGRAM, J., recused (because his son had been the plaintiff's attorney at an earlier stage of the proceedings in this case).
HOUSTON, Justice (concurring specially to explain the majority opinion in this case released on December 13, 1991, and subsequently withdrawn on December 20, 1991).
"To every thing there is a season, and a time to every purpose under the heaven: A time to be born, and a time to die; a time to plant, and a time to pluck up that which is planted; a time to kill, and a time to heal; a time to break down, and a time to build up; a time to weep, and a time to laugh; a time to mourn, and a time to dance; a time to cast away stones, and a time to gather stones together; a time to embrace, and a time to refrain from embracing; a time to get, and a time to lose; a time to keep, and a time to cast away; a time to rend, and a time to sew; a time to keep silence, and a time to speak; a time to love, and a time to hate; a time of war, and a time of peace[;]"[3]
a time for an opinion in this case to be released; and a time for the issue of judicially adopting comparative negligence to be laid to rest.
In footnote eight of Central Alabama Electric Co-op. v. Tapley, 546 So.2d 371, 381 (Ala.1989), a majority of this Court as then constituted indicated:
"This Court might be willing to again entertain, in an appropriate case, the idea of adopting the doctrine of comparative negligence. See Golden v. McCurry, 392 So.2d 815 (Ala.1981)."
In my dissent in Tapley (546 So.2d at 385), I wrote:
"I do not understand footnote eight of the per curiam opinion. Unless the majority of this Court is convinced that the ratio decidendi of the doctrine of contributory negligence would not `"hypothetically be consented to today by the conscience and the feeling of justice of the majority of all those whose obedience is required by [that] rule of law,"' Southern States Ford, Inc. v. Proctor, 541 So.2d 1081 (Ala.1989) (Houston, J., concurring specially), then I would assume that this Court would follow the doctrine of stare decisis."
The plaintiff in this case accepted the majority's invitation in Tapley to attempt to get the Court to judicially adopt the doctrine of comparative negligence. When the case was assigned to me, I would have affirmed the judgment as to this issue with no more than a citation to Golden v. McCurry, 392 So.2d 815 (Ala.1981), if it had not been for footnote eight in the majority opinion in Tapley. However, because of that footnote, I approached the *1334 issue of whether to adopt the doctrine of comparative negligence, which would have required this Court first to abandon the doctrine of contributory negligence, as I approach all issues in which the doctrine of stare decisis is challenged. This was in accordance with the above-quoted portion of my dissent in Tapley.
I convinced myself that in accordance with my judicial conscience, I could depart from the doctrine of stare decisis on the issue of contributory negligence, if the majority of this Court determined that we should do so. Because the majority of this Court has determined that we should not abandon the doctrine of contributory negligence, and because the time has come for the Court to release an opinion in this case, I adhere to the doctrine of stare decisis.
HORNSBY, Chief Justice (concurring as to part I; dissenting as to part II):
I concur with the majority as to part I of the main opinion; however, as to part II, I respectfully dissent, as I dissented in Campbell v. Alabama Power Co., 567 So.2d 1222, 1227 (Ala.1990), and on the same rationale. Since my dissent in Campbell, two additional jurisdictions have abandoned the doctrine of contributory negligence in favor of the doctrine of comparative negligence. See McIntyre v. Balentine, 833 S.W.2d 52 (Tenn.1992), and Nelson v. Concrete Supply Co., 303 S.C. 243, 399 S.E.2d 783 (1991). At the time of this dissent, almost every common law jurisdiction in the world and 46 American states have replaced the outmoded doctrine of contributory negligence with some form of the doctrine of comparative negligence.
The bench and the bar in each of the jurisdictions adopting the doctrine of comparative negligence have proved themselves able to overcome the problems attendant to change; they have overcome those problems in order to implement a fairer system of justice. Our bench and bar are no less able to overcome those problems. I believe that our system would fairly and effectively resolve any problems arising out of the change to the doctrine of comparative negligence, as they arose.
Although in each jurisdiction adopting the doctrine of comparative negligence the discussions leading to the adoption have been many and varied, each jurisdiction has recognized that the doctrine of contributory negligence is inconsistent with the legal logic of the common law tort system and leads to unjust results. That legal reasoning applies with equal force to the law of our state. I continue to believe, therefore, that the citizens of the state of Alabama would be more fairly served by a system of comparative negligence.
SHORES, J., concurs.
NOTES
[1] This Court issued an opinion in this case on December 13, 1991. On December 17, 1991, it put the case on rehearing ex mero motu, and on December 20, 1991, it withdrew the December 13 opinion. The Court heard oral argument on May 14, 1992.
[2] A dado blade is a saw blade that can be adjusted to cut a groove in a piece of wood as narrow as ¼ inch or as wide as 13/16 inch.
[3] Ecclesiastes 3:1-8.