ALMON, Justice.
The plaintiffs, Shelby and Braxton Hill, appeal from a judgment entered on a jury verdict in favor of the defendants, Norfolk Southern Corporation and Paul Willing-ham. This case arose out of a collision between Shelby Hill’s car and Norfolk Southern’s locomotive at a railroad crossing in Phil Campbell, Alabama.
The evidence, briefly stated, showed the following:
Shelby Hill’s car was struck by a locomotive owned by Norfolk Southern Corporation and under the control of engineer Paul Willingham. It is undisputed that Hill did not stop before entering the crossing; she was travelling between 5 and 10 miles per hour as she entered the crossing. Hill testified at trial that she did not see the train approaching because, she said, a kudzu-covered fence running alongside the road blocked her vision. She also testified that other objects, including several dumpsters and a parked bread truck, were close to the track and obscured her vision. She said she did not hear a horn from the train until she was already on the track. Hill was familiar with the crossing, having lived nearby for 14 years. The sole warning device at the crossing was a “crossbuck”— a white X-shaped sign embossed with the words “railroad crossing” in black lettering. This crossbuck served only to warn motorists of the existence of a crossing; the crossing had no devices, such as flashing lights, designed to warn motorists of the approach of a train.
Following the accident, the Hills[1] brought an action against Norfolk Southern and Paul Willingham on a number of negligence and wantonness theories. The *222 defendants answered, claiming that Shelby Hill was contributorily negligent in failing to properly negotiate the crossing. A jury returned a verdict for the defendants.
The Hills argue that the trial court erred by failing to submit to the jury verdict forms that would have allowed it to return a verdict against Norfolk Southern without returning a verdict against Willing-ham. The Hills correctly cite Hoffman v. Chandler, 431 So.2d 499 (Ala.1983), and Alabama Pattern Jury Instructions (Civil), number 37.05, as support for this proposition.
After the trial court completed its oral charge to the jury, the Hills’ counsel stated his objection to the verdict forms in this manner:
“We would respectfully except to that part of the verdict forms given to the jury that do not give the jury an opportunity to find a verdict in favor of the plaintiffs and against the railroad company only and not against defendant Will-ingham, the individual defendant. It is our position that a reasonable construction of the evidence as presented to this jury would allow a finding that Defendant Willingham was not guilty of any negligence or wantonness but that some employee of the crew was, therefore the corporate defendant would be liable.”
From this statement, it is clear that the Hills desired the special verdict forms because of the possibility that negligence by the brakeman, Greg Hill, but not the engineer, Willingham, caused the injuries to Shelby Hill. The trial court overruled the objection.
There was evidence that the brakeman was watching ahead of the train on the left side, the direction from which Mrs. Hill approached; that he saw her approaching; and that as he realized she was not going to stop, he said “Whoa, whoa, whoa,” but did not apply the brake. Willingham denied hearing the brakeman say this. The brakeman testified that by the time he realized Mrs. Hill was not going to stop, it was too late to stop the train. However, the Hills submitted expert testimony that, if the brakeman had applied the brake and had slowed the train by as much as one mile per hour, the collision would not have occurred. This evidence would support a finding that the brakeman was negligent but that Willingham was not. Under such a finding, the jury might have returned a verdict against Norfolk Southern but not against Willingham. Thus, the court erred in overruling the objection. See Hoffman v. Chandler, supra. The verdict in favor of both defendants does not render the error harmless. It is possible that the jury returned a verdict for both defendants simply because it did not want to return a verdict against Willingham for an accident that was not caused by any negligence on his part and because the trial court had given it no alternative to returning a verdict either for both defendants or against both defendants.
Because this issue requires a reversal, we pretermit discussion of the other issues raised, except to note that Williams v. Delta International Mach. Corp., 619 So.2d 1330 (Ala.1993), answers the Hills’ argument that this Court should abolish the doctrine of contributory negligence and in its place adopt the doctrine of comparative negligence.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.

. Shelby Hill’s husband Braxton claimed damages for loss of consortium.