I dissent, because I believe that product misuse is the only relevant defense relating to the plaintiff's negligence in an AEMLD action. This Court has recognized that concept several times. In Savage Industries, Inc. v. Duke, 598 So.2d 856, 859
(Ala. 1992) (citing Dennis v. American Honda Motor Co.,585 So.2d 1336, 1342 (Ala. 1991)), this Court stated that the only relevant defenses in an AEMLD action are "[l]ack of causal relation, product misuse, and assumption of risk." Thus, these are the only appropriate defenses in an AEMLD action, and contributory negligence is not applicable.
Further, I dissent for the reasons stated in my dissent inWilliams v. Delta International Machinery Corp., 619 So.2d 1330
(Ala. 1993). Contributory negligence is a harsh defense to a negligence claim, and it has been abandoned by the great majority of American jurisdictions. In an AEMLD action, where the defendant manufacturer has a duty to place a safe product on the market and its "failure to do so constitutes negligence as a matter of law," the defense of contributory negligence has even greater potential for injustice. Casrell v. AltecIndustries, Inc., 335 So.2d 128, 132 (Ala. 1976); Atkins v.American Motors Corp., 335 So.2d 134, 140 (Ala. 1976). This Court adopted the AEMLD in order to further a manufacturer's duty to provide safe products to our citizens. However, recognizing the plaintiff's negligence as a complete bar to recovery for injury caused by the defective product directly opposes the policy behind the AEMLD.
In addition to frustrating the policy behind the AEMLD, the preservation of the contributory negligence defense keeps Alabama out of line with the vast majority of jurisdictions. "[A]lmost every common law jurisdiction in the world and 46 American states have replaced the outmoded doctrine of contributory negligence with some form of the doctrine of comparative negligence." Williams v. Delta InternationalMachinery Corp., 619 So.2d 1330, 1334 (Hornsby, C.J., dissenting). Further, the District of Columbia and Maryland, two of the few remaining jurisdictions that retain contributory negligence as a complete *Page 569 
defense in ordinary negligence cases, do not apply that doctrine in products liability cases. Payne v. Soft SheenProd., Inc., 486 A.2d 712 (D.C.App. 1985); Anthony Pools, Inc.v. Sheehan, 295 Md. 285, 455 A.2d 434 (1983). Accordingly, I believe that this Court should simply eliminate the defense of contributory negligence in AEMLD actions, or, alternatively, replace it with a comparative negligence standard in AEMLD actions. Doing so would properly promote the policy behind the AEMLD and would bring our jurisprudence into the mainstream of American law recognized by the overwhelming majority of jurisdictions.