Ann CULPEPPER, Plaintiff,

v.

Hermann WEIHRAUCH
KG, etc., Defendant.

No. Civ. A. 96–T–1254–N.

United States District Court,
M.D. Alabama,
Northern Division.

Nov. 5, 1997.

G. Griffin Sikes, Jr., Montgomery, AL, for plaintiff.

William H. Brittain, II, Joana S. Ellis, Ball, Ball, Matthews & Novak, P.A., Montgomery, AL, Elizabeth A. Pollock, Friedrich

W. Seitz, Murchison & Cumming, Los Angeles, CA, for Defendant.

## ORDER

MYRON H. THOMPSON, Chief Judge.

Plaintiff Ann Culpepper brought this action against defendant Hermann Weihrauch KG on August 12, 1996, seeking damages for injuries she sustained as a result of accidentally shooting herself with a handgun manufactured by Weihrauch. Jurisdiction is based on diversity of citizenship, 28 U.S.C.A. § 1332(a). The court now has before it Culpepper's motions for summary judgment, filed July 11, 1997, as to Weihrauch's three affirmative defenses: assumption of risk, misuse of the product, and contributory negligence. For the reasons set forth below, the court grants Culpepper's motions for summary judgment in their entirety.

## I. STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Once the party seeking summary judgment has informed the court of the basis for its motion, the burden shifts to the non-moving party to demonstrate why summary judgment would be inappropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In making its determination, the court must view all evidence and any factual inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). As the Supreme Court has instructed, this court's consideration of the parties' motions for summary judgment must be guided by "the substantive evidentiary standard of proof that would apply at the trial on the merits." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Because the court's jurisdiction is based on diversity of citizenship, the court must apply the law of the forum state. *Erie Ry. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

## II. FACTUAL BACKGROUND

Culpepper purchased a handgun, manufactured by Weihrauch, in 1968 as a gift for her then husband. After her divorce in 1977, she kept the gun for personal protection. In the early 1990's, after obtaining the necessary permit, she began carrying the gun to work in her automobile. She kept the gun in a leather zippered pouch; it was her custom to store the gun either in her bedside table when she was home or in the glove compartment of her car while she was at work.[1]

On March 5, 1996, after going to work, to her parents' house, and to the supermarket, Culpepper returned home. She had placed the gun in the glove compartment of her car when she left for work in the morning and did not remove it until she came home in the afternoon. Culpepper does not remember how the accident occurred, she only remembers that she got out of the car, heard a shot, and felt pain. She does not remember how she attempted to carry the gun, along with her purse or her groceries, out of the car.[2] When she was found by people who had heard the shot, her gun was lying on the ground out of its pouch, about one or two feet away from the driver's seat. One witness saw an indentation on the dirt in the driveway that looked as if it had been made by the hammer spur of the handgun.[3] Culpepper was struck by the bullet in the lower right side of her abdomen; the injury required the removal of her right kidney, and parts of her small intestine and colon.[4]

Culpepper brought this lawsuit against Weihrauch on August 12, 1996, under several different products liability theories, including allegations of design and manufacturing de-

---

1. Plaintiff's memorandum brief in support of her motions for summary judgment, filed July 11, 1997 (doc. no. 18), at 4–5.

2. Plaintiff's motions for summary judgment, filed July 11, 1997 (doc. no. 17): Transcript of deposition of Ann Culpepper, at 99–108.

3. *Id.:* Transcript of deposition of Rickey Laney, at 17.

4. *Id.:* Transcript of deposition of Edward R. Teitel, M.D., at 14–16.

fects, warning defects, negligent assembly and sale, negligent failure to warn, wanton failure to warn, and breach of implied warranty. The crux of these claims is that the hammerblock safety, a device on the gun which prevents "drop fire" accidents such as the one described above, was improperly designed and manufactured. A hammerblock safety, according to Culpepper, is designed to "hold the hammer face off of the firing pin and prevent force applied to the back of the hammer spur from driving the hammer face into the firing pin and ... eliminate the possibility of drop-fire except under extraordinary circumstances."[5]

Weihrauch filed its answer on December 5, 1996, asserting general denials and seven affirmative defenses. Among these defenses, Weihrauch asserted the defenses of contributory negligence, assumption of risk, and misuse of the product.

On July 11, 1997, Culpepper filed motions for summary judgment on these three defenses. In its brief in opposition, filed August 21, 1997, Weihrauch conceded that summary judgment should be granted as to the assumption-of-risk and misuse-of-product defenses. Therefore, the only issue requiring this court's review is Culpepper's motions for summary judgment on the contributory-negligence defense.

### III. DISCUSSION

Culpepper seeks to impose liability on Weihrauch under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD). The AEMLD provides for such liability if "the defendant manufactured or designed or sold a defective product which, because of its unreasonably unsafe condition, injured the plaintiff or damaged his property when such product, substantially unaltered, was put to its intended use." *Atkins v. American Motors Corp.*, 335 So.2d 134, 139 (Ala.1976). The AEMLD is similar to a strict liability tort action under § 402(A) of the Restatement (Second) of Torts. However, the Alabama Supreme Court has rejected the Restatement's no-fault strict liability concept for products liability. *Atkins*, 335 So.2d at 139. Rather, certain affirmative defenses

and general denials are available to defendant manufacturers in an AEMLD action.

Contributory negligence is one such viable affirmative defense under the AEMLD. *Sears v. Waste Processing Equip., Inc.*, 695 So.2d 51, 53 (Ala.Civ.App.1997); *see also Hicks v. Commercial Union Ins. Co.*, 652 So.2d 211 (Ala.1994). A plaintiff is contributorily negligent when she fails to use reasonable care with regard to that product. *Williams v. Delta Internat'l Machinery Corp.*, 619 So.2d 1330 (Ala.1993). Contributory negligence can be roughly divided into two categories: first, the plaintiff's negligence, or failure to use reasonable care, in actually using the product; second, the plaintiff's negligence in causing the accident in which the product is used. *Campbell v. Robert Bosch Power Tool Corp.*, 795 F.Supp. 1093, 1097 (M.D.Ala.1992). In an AEMLD action, the contributory negligence defense is limited to acts within the first category. That is, the plaintiff's acts with regard to negligence or failure to use reasonable care in handling the product are admissible; the plaintiff's acts regarding the cause of the accident itself are not. *Dennis v. American Honda Motor Co.*, 585 So.2d 1336, 1339 (Ala.1991) ("To allow a plaintiff's negligence relating to accident causation to bar recovery would go against the purpose of the AEMLD, which is to protect consumers from defective products."); *see also Campbell v. Cutler Hammer, Inc.*, 646 So.2d 573, 574 (Ala.1994) (answering in the affirmative the Eleventh Circuit's certified question whether contributory negligence bars recovery if unreasonably dangerous condition of product was proximate cause of injury, but contributing proximate cause was plaintiff's failure to exercise reasonable care in using the product).

Failure to use reasonable care in the context of the contributory negligence defense is distinct from the separate affirmative defense of product misuse. *See General Motors Corp. v. Saint*, 646 So.2d 564, 568 (Ala.1994). In *Saint*, the court distinguished the two defenses by stating "A plaintiff misuses a product when he or she uses it in a

---

5. *Id.*, at 2.

manner not intended or foreseen by the manufacturer ... A plaintiff is contributorily negligent in handling a defective product when he or she fails to use reasonable care with regard to that product." *Id.*[6]

Culpepper argues that Weihrauch cannot avail itself of the contributory negligence defense because (1) there is no evidence to suggest that Culpepper was negligent in using the hammerblock safety on the gun, and (2) any evidence of negligence related to the causation of the accident cannot be used to support Weihrauch's defense pursuant to *Dennis.*[7] Culpepper argues that in an AEMLD action involving a safety feature of a product, the only admissible evidence to support a finding of contributory negligence is the plaintiff's mishandling of the safety feature, rather than the product as a whole.[8] Weihrauch admits that evidence of negligence related to accident causation is impermissible to support a claim of contributory negligence, but maintains that the issue is whether Culpepper failed to use due care in handling the gun, not the hammerblock safety.[9] Because the law in Alabama is clear that only negligence related to use of the product, as opposed to negligence in accident causation, is admissible to prove contributory negligence, the only issues the court must decide on Culpepper's motions for summary judgment are (1) whether "product" refers to the hammerblock safety on the gun or the gun itself, and (2) whether Weihrauch has met its burden in demonstrating why summary judgment is inappropriate.

**A.**

Although contributory negligence serves as a total bar against recovery in AEMLD cases, the Alabama Supreme Court diminished its effect in *Dennis,* where the court held that contributory negligence related to accident causation was an invalid defense: "A plaintiff's mere inadvertence or carelessness in causing an accident should not be available as an affirmative defense to an AEMLD action." 585 So.2d at 1339. In *Dennis,* the plaintiff brought suit against the manufacturer of a motorcycle helmet, alleging that the helmet was defective and not fit for its intended purpose. In charging the jury, the trial court gave instructions regarding the defendant's burden of proof for the defense of contributory negligence. The court stated that the defendant could meet its burden "by proving to [the jurors'] reasonable satisfaction that [plaintiff] violated a rule or rules of the road during the operation of the motorcycle at the time of the accident in question." 585 So.2d at 1338. The Alabama Supreme Court rejected this instruction and stated that contributory negligence could be used as a defense to an AEMLD action only under certain circumstances, such as "plaintiff's misuse of the product" *Id.* at 1339. In *Saint,* which the court noted was "just the reverse of that in *Dennis,*" 646 So.2d at 566, the Alabama Supreme Court held that an automobile manufacturer was entitled to jury instructions regarding plaintiff's contributory negligence where the defendant contended plaintiff either did not

---

**6.** In *Robert Bosch Power Tool Corp.,* 795 F.Supp. at 1097–98, this court wrote that, unfortunately, the Alabama Supreme Court has not "clarif[ied] what it meant by the defense of product-misuse. Most other courts which have addressed the issue have held that 'misuse' refers not to one's carelessness or inadvertence in the use of the product, but rather to the use of a product in a manner not reasonably foreseen by the defendant, or to a use neither intended by the defendant nor reasonably foreseeable." (Footnote omitted.) The Alabama Supreme Court has apparently now clarified the issue, holding that product use turns on "foreseeability" and recognizing contributory negligence as a separate affirmative defense which turns on "carelessness."

Indeed, in his dissenting opinion in *Saint,* Justice Cook expressed his disagreement with what he interpreted to be the court's acknowledgment of three, rather than two, affirmative defenses to AEMLD cases: product misuse, assumption of

risk, and contributory negligence. *Id.* at 573. Justice Cook stated that earlier Alabama Supreme Court opinions, such as *Atkins v. American Motors Corp.,* 335 So.2d 134 (Ala.1976) and *Casrell v. Altec Industries, Inc.,* 335 So.2d 128 (Ala.1976), equated contributory negligence with product misuse such that a manufacturer could avoid liability under a contributory negligence defense only if the manufacturer could not reasonably have anticipated that danger might result from a particular use.

**7.** Plaintiff's memorandum brief in support of her motions for summary judgment, filed July 11, 1997 (doc. no. 18), at 13–14.

**8.** *Id.* at 10.

**9.** Brief in opposition to plaintiff's motions for summary judgment on affirmative defenses, filed August 21, 1997 (doc. no. 25), at 4, 6.

wear or improperly wore a seatbelt at the time of a car accident. Culpepper interprets these two cases as holding that, in AEMLD cases involving safety devices, only mishandling of the safety feature can be used to support a contributory negligence defense. Culpepper cites two cases as supporting this interpretation: *Williams v. Delta Internat'l Machinery Corp.*, 619 So.2d 1330 (Ala.1993), and *Gibson v. Norfolk Southern Corp.*, 878 F.Supp. 1455 (N.D.Ala.1994), *aff'd*, 48 F.3d 536 (11th Cir.1995) (table opinion). In *Williams*, the Alabama Supreme Court rejected application of the *Dennis* rule to a products liability case where the products, a table saw and dado blade, were not safety features and because "the only contributory negligence alleged in this case involved the use of the table saw and the dado blade." 619 So.2d at 1332–33. In *Gibson*, the court held that contributory negligence could be asserted as a defense where the plaintiff failed to "stop, look, and listen" at the railroad's warning light and sign. 878 F.Supp. at 1461. Neither case directly supports the proposition of law Culpepper has advanced.

Arguing against Culpepper's interpretation, Weihrauch cites to *Haisten v. Kubota Corp.*, 648 So.2d 561 (Ala.1994). In *Haisten*, the plaintiff brought an AEMLD action against the manufacturer of a tractor alleging that the manufacturer's failure to include a rollover protection system rendered the tractor defective. The Alabama Supreme Court held that the trial judge correctly charged the jury with instructions to consider the plaintiff's contributory negligence as a defense to the AEMLD claim. *Haisten*, 648 So.2d at 565. Weihrauch concludes that, since *Haisten* is factually analogous to the present case, the contributory negligence defense should be permitted.[10] The court disagrees. The issue involved in *Haisten* was whether the tractor was defective for *not* having a rollover safety device, rather than a defect in the safety device rendering the

product unreasonably dangerous, as was the case in *Dennis*, *Saint*, and the action presently before this court.

In grappling with the issue of whether misuse of the product for the purpose of proving contributory negligence refers to the handgun or the hammmerblock safety, the court first notes that in her complaint, Culpepper alleges that "the handgun was unreasonably dangerous and therefore defective."[11] The fact that Culpepper has alleged the product as a whole was unreasonably dangerous does not, however, end the court's inquiry. In *Saint*, the plaintiff brought an AEMLD action alleging that her automobile was unreasonably dangerous—because the seatbelt failed to protect her during the accident—and the court permitted evidence of only her negligence in misusing the seatbelt, rather than the automobile itself. The seatbelt in the automobile in *Saint* is sufficiently analogous to the hammerblock safety in the handgun here: both are designed to protect the user of the product in case of an accident. The court therefore concludes that Weihrauch may assert the contributory negligence defense only as to Culpepper's misuse of the hammerblock safety, rather than the handgun.[12] To hold otherwise would permit Weihrauch to introduce evidence going to Culpepper's contributory negligence related to accident causation, and would directly contravene the Alabama Supreme Court's decision in *Dennis*.

## B.

The second issue for the court to decide is whether Weihrauch has alleged sufficient facts to defeat Culpepper's motion for summary judgment. In order to find contributory negligence as a matter of law, there must be a finding that the plaintiff put herself in danger's way, a finding that the plaintiff appreciated the danger confronted, and that such appreciation of the danger was

---

10. *Id.* at 7.

11. Complaint, filed Aug. 12, 1996 (doc. no. 1), at 3.

12. The court finds support for this conclusion in a pre–*Saint* case, *Savage Indus., Inc. v. Duke*, which involved a similar "drop-fire" gun accident. There, the Alabama Supreme Court re-

manded the case to the trial court on the contributory negligence issue, and in doing so, "call[ed] the court's attention to the recent case of *Dennis v. American Honda Motor Co.*, 585 So.2d 1336, 1342 (Ala.1991), in which we held that 'contributory negligence relating to accident causation will not bar a recovery in an AEMLD action.'" 598 So.2d 856, 859 (Ala.1992).

conscious at the moment the incident occurred. *Hicks v. Commercial Union Ins. Co.,* 652 So.2d 211, 219 (Ala.1994). A court may decide the issue of contributory negligence as a matter of law "only when the facts are such that all reasonable [people] must draw the same conclusion therefrom." *Caterpillar Tractor Co. v. Ford,* 406 So.2d 854, 857 (Ala.1981).

However, for the purposes of defeating Culpepper's motions for summary judgment, Weihrauch need only show that "specific facts, as opposed to general allegations, [ ] present a genuine issue worth of trial." Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure,* § 2727, at 148. "A mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir.1990) (citations omitted); *see also Jeffery v. Sarasota White Sox, Inc.,* 64 F.3d 590, 593–94 (11th Cir.1995).

■ Weihrauch offers the following facts to support its argument that the jury should be able to decide whether Culpepper was contributorily negligent: Culpepper either had the gun in her hand or "under [her] arm," and Culpepper may have been trying to carry the gun, her purse, and her groceries at the same time.[13] While these facts could support a conclusion that Culpepper failed to exercise due care in handling the gun, the facts do not support a conclusion that Culpepper failed to exercise due care in handling the hammerblock safety on the handgun. Moreover, these facts go directly to the issue of accident causation which, as discussed above, cannot be used to support a contributory negligence defense in an AEMLD case involving a safety device. Weihrauch has not provided evidence of the existence of any facts to support a finding of contributory negligence in Culpepper's use of the hammerblock safety. Culpepper's motions will therefore be granted in their entirety.

13. Brief in opposition to plaintiff's motions for summary judgment on affirmative defenses, filed

---

### IV. CONCLUSION

For the above reasons, it is ORDERED that plaintiff Ann Culpepper's motions for summary judgment, filed July 11, 1997, regarding defendant Hermann Weihrauch KG's affirmative defenses of contributory negligence, misuse of the product, and assumption of risk, are granted.

August 21, 1997 (doc. no. 25), at 2.