These suits were commenced by Retha Cunningham and Dorothy Thomas, the widows of two men who were killed by the explosion of an underground steam valve while working for Alabama Power Company. Although several defendants were initially named, the suits when consolidated, tried, and submitted to the jury were against Stockham. Valves and Fittings Company, Inc. (Stockham), the valve's manufacturer, Louisiana Valve and Fittings Company, Inc. (Louisiana), an intermediate distributor, and Consolidated Pipe and Supply Company, Inc. (Consolidated), a local distributor. Consolidated cross-claimed against Louisiana and Stockham, and Louisiana cross-claimed against Stockham, for indemnity in the event they would be held liable to Cunningham and Thomas. Alabama Power intervened claiming the amounts paid each of the two widows under the Workmen's Compensation Act. *Page 970 
At the close of all the evidence the trial court directed verdicts in favor of Stockham and Louisiana on Consolidated's cross-claim against them and in favor of Stockham on Louisiana's cross-claim against it. The case was submitted to the jury on theory of the Alabama Extended Manufacturer's Liability Doctrine (AEMLD). Verdicts were returned in favor of the plaintiffs and Alabama Power Company. Stockham and Louisiana each moved for JNOV and new trial. Consolidated only moved for a new trial. The trial court found the verdicts to be excessive and overruled the motions after Cunningham and Thomas each filed remittiturs. The judgments were paid by Stockham, Louisiana and Consolidated and are not appealed.
Louisiana and Consolidated appeal claiming as error the trial court's directed verdict denying their cross-claims for indemnity. They contend there is an exception to the rule prohibiting contribution among joint tortfeasors in Alabama where one tortfeasor is guilty of only passive or constructive negligence and the other of active negligence. See City ofMobile v. George, 253 Ala. 591, 45 So.2d 778 (1950); Walter L.Couse and Co. v. Hardy Corporation, 49 Ala. App. 552,274 So.2d 316 (1972); Mallory S.S. Co. v. Druhan, 17 Ala. App. 365,84 So. 874 (1920). Appellants Consolidated and Louisiana each contend they presented a scintilla of evidence showing they were only constructively or passively negligent, therefore, the trial court should have allowed their cross-claims to go to the jury.
We disagree.
No authority need be cited to support the proposition that there is no contribution among joint tortfeasors in Alabama. The cases cited by Louisiana and Consolidated to show the existence of an exception to the rule are distinguishable from this case. In City of Mobile, Walter L. Couse and Co., andMallory S.S. Co., supra, in each instance the indemnitee was under an absolute or non-delegable duty to the injured plaintiff. In this case Louisiana and Consolidated were not liable to the deceased consumers under any absolute or strict liability doctrine, but rather under AEMLD. In Casrell v. AltecIndustries, Inc., 335 So.2d 128 (Ala. 1976), this court specifically retained the tort concept of fault in AEMLD.
Louisiana and Consolidated further argue, however, that because there was a scintilla of evidence to show that Stockham created a latent defect which no inspection by them, short of destroying the valve, would have revealed they were held absolutely liable even though the cause of action was under AEMLD. Stockham responds to appellants' contention by asserting appellants were not held absolutely liable because under AEMLD they had available to them the "no causal relation" defense. InAtkins v. American Motors Corp., 335 So.2d 134, 143 (Ala. 1976), this court set out the elements of that defense.
 "Causal Relation. The defendant may establish that there is no causal relation in fact between his activities in connection with handling the product and its defective condition. For example, the defendant may show that he is in the business of either distributing or processing for distribution finished products; he received a product already in a defective condition; he did not contribute to this defective condition; he had neither knowledge of the defective condition, nor an opportunity to inspect the product which was superior to the knowledge or opportunity of the consumer." (emphasis added)
Louisiana and Consolidated contend that although they had presented a scintilla of evidence to show the product was received in a defective condition; they had not contributed to it or known of it; that no inspection would have revealed the defect, nonetheless the defense was unavailable to them because they did have an opportunity to inspect the valve which was superior to that of the deceased consumers. They further claim that since the valve, once installed, contained steam at a pressure of 150 pounds per square inch, at a temperature of 350° F, the consumers could have made no inspection of any kind. *Page 971 
Appellants have misconstrued this element of the "no causal relation" defense. The "superior opportunity" must be a meaningful one. If the defect was latent and could not have been discovered by either consumer or distributor by a reasonable inspection, neither had a superior opportunity. Thus, appellants did have this defense available to them and cannot be said to have been held to an absolute duty. The trial court instructed the jury about this defense and any error committed in instructing the jury concerning the meaning of "superior opportunity" should have been preserved at trial.
Louisiana and Consolidated, therefore, come under no exception to the rule prohibiting contribution among joint tortfeasors and have no right of indemnity in this case. Therefore, the directed verdicts of the circuit court denying their cross-claims against Stockham were proper.
Consolidated further contends its cross-claim against Louisiana for indemnity should have been allowed to go to the jury. Consolidated bases its claim on a breach of warranty. Notice is a condition precedent to any claim for breach of warranty. § 7-2-607, Code 1975; Page v. Camper City MobileHome Sales, 292 Ala. 562, 297 So.2d 810 (1974). Consolidated offered no evidence to show it had given Louisiana notice of the breach. Therefore, the trial court's direction of a verdict denying its cross-claim against Louisiana was without error.
To permit appellants to prevail on this appeal would be to permit that which cannot be done directly to be done indirectly: contribution between tortfeasors.
The judgments in these cases are due to be, and are hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.