PER CURIAM.
This is an appeal from a summary judgment in favor of one co-defendant against other co-defendants upon a cross-claim for indemnity based upon the active-passive negligence theory. That summary judgment was made final pursuant to Rule 54(b), A.R.Civ.P. Appellants pose the issue thusly: “Does the law of Alabama recognize a cause of action and right for indemnification by a co-defendant against another co-defendant in a wrongful death action based on the active-passive negligence theory?”
Because the appellants’ statement of the issue acknowledges the necessity of an active-passive negligence factual context in order to invoke the application of the indemnity doctrine, and because we agree with the trial court’s implicit holding that the facts of this case, viewed in a light most favorable to the appellants, present a classic claim against joint tort-feasors, as opposed to an active-passive negligence claim, we decline to alter or expand the holding in Consolidated Pipe & Supply Co. v. Stockham Valves & Fittings, Inc., 365 So.2d 968 (Ala.1978), as urged by the appellants.[1] We hold simply that the trial court did not err in granting the co-defendant’s motion for summary judgment against the other alleged joint tort-feasors under the facts of this case.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES, BEATTY and ADAMS, JJ., concur.
HOUSTON, J., concurs specially.

. Our holding is not to be understood as commenting upon the viability of a claim of indemnity or contribution among joint tort-feasors under facts that invoke the application of the active-passive negligence doctrine.