The plaintiff, Foremost Insurance Company, appeals from a summary judgment in favor of the defendant, Indies House, Inc.
The parties stipulate the following facts.
In July 1985 Donald and Judy Holt purchased a new 1985 model mobile home from Colonel Akin Mobile Homes of Tupelo, Inc. This mobile home was assembled by Indies House, which had utilized, in part, certain components that were finished products, including a refrigerator.
Foremost insured the mobile home and is subrogated to the rights of the Holts regarding fire damage to the mobile home.
In December 1988, the mobile home was destroyed by fire. A report by an expert for Foremost, Charles Point, was received by the trial court in this case. Point stated in this report that the fire was caused by a defective refrigerator in the mobile home. This refrigerator is the one that had been installed in the mobile home by Indies House.
Foremost sued Indies House for the loss of the mobile home, on four theories. Count I of the complaint stated a negligence cause of action; Count II stated a cause of action that fell under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), Ala. Code 1975, § 6-5-500 et seq.; Count III stated a cause of action for breach of contract; and Count IV stated a cause of action for breach of warranty.
Indies House moved for and was granted a summary judgment as to all of Foremost's claims. Foremost appeals from this judgment.
On appeal, Foremost does not fully develop arguments relating to Counts I, III, and IV of its complaint. Thus, our review is focused on Count II of its complaint, relating to its claim under the AEMLD. See Ala.R.App.P. 28(a)(5); Brittain v.Ingram, 282 Ala. 158, 209 So.2d 653 (1968) (analyzing the predecessor to Rule 28); Ex parte Riley, 464 So.2d 92
(Ala. 1985).
A summary judgment is proper where there is "no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law." A.R.Civ.P. 56(c). The movant has the burden of showing that this standard is met. If the movant has established a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to show the existence of a genuine issue of material fact.Stephens v. City of Montgomery, 575 So.2d 1095, 1097
(Ala. 1991). To do this, the nonmovant must produce "substantial evidence" on his or her claim or defense, to create an issue of fact. Ala. Code 1975, § 12-21-12. "Substantial evidence" is defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life AssuranceCo. of Florida, 547 So.2d 870, 871 (Ala. 1989).
Indies House does not dispute that Foremost produced substantial evidence on Count II of its complaint alleging liability under the AEMLD. Rather, it asserts that Foremost failed to rebut the possibility that Indies House could not, nevertheless, be liable. Indies House says that undisputed facts underlie an affirmative defense asserted in its answer, under which, it says, Indies House was entitled to a judgment.
We have, in several opinions, discussed the AEMLD generally and the recent evolution of products liability law under the AEMLD. See, e.g., Dennis v. American Honda Motor Co.,585 So.2d 1336 (Ala. 1991); Caudle v. Patridge,566 So.2d 244 (Ala. 1990); Sears Roebuck Co. v. Haven HillsFarms, Inc., 395 So.2d 991 (Ala. 1981). We direct readers to those cases for general discussions of the AEMLD. Here, our focus is considerably narrowed to the defense asserted by Indies House to Foremost's AEMLD action.
Specifically, in its answer Indies House raised the affirmative defense of a lack of causal relation. InDennis we stated that this affirmative defense is shown where the defendant has established "that there is 'no causal relation in fact between his activities in connection with handling of the *Page 382 
product and its defective condition.' " 585 So.2d at 1339
(citations omitted).
In Caudle we examined a case where this defense had been invoked by a defendant, Bill Patridge, d/b/a Off-Road Birmingham. Patridge had sold a vehicle conversion kit to the owner of a truck, who used the kit to convert the truck from two-wheel drive to four-wheel drive. The vehicle was later sold. The plaintiff, Caudle, was a passenger in the truck when a subsequent owner experienced mechanical problems with the truck and had an accident. Caudle was severely and permanently injured. Caudle sued Patridge and others. Patridge asserted, among other things, the affirmative defense of "no causal relation." 566 So.2d at 244.
We stated the criteria for showing no causal relation:
 "In order to avail itself of the no-causal relation defense, Partridge must show that he was in the business of distributing or processing for distribution finished products; that he received the product already in a defective condition; that he did not contribute to this defective condition; and that he had neither knowledge of the defective condition nor an opportunity to inspect the product that was superior to the knowledge or opportunity of the consumer."
Id. at 248; citing Consolidated Pipe Supply Co.v. Stockham Valves Fittings, Inc., 365 So.2d 968 (Ala. 1978).
Thus, this defense is available only to persons distributing a finished product or in the process of distributing a finished product. By implication, this defense is not available to the manufacturer of the finished product.
The pivotal question in this case is: Was Indies House merely a distributor of a finished product, i.e., the refrigerator, or is Indies House deemed to be the manufacturer of the entire mobile home, including the refrigerator incorporated into it by Indies House?
We conclude that, for purposes of the applicability of the causal relation defense, Indies House is to be deemed a manufacturer. When Indies House combined a finished product with other materials to create a mobile home, it was the manufacturer of the mobile home, in toto. This is true even though the refrigerator incorporated therein was structurally unaltered. Indies House did not "distribute" an unaltered refrigerator. Indies House manufactured a mobile home, a component of which was an unaltered refrigerator.
The judgment of the trial court is affirmed as to Counts I, III, and IV of Foremost's complaint and is reversed as to Count II of that complaint. As to Count II, we remand the cause to the trial court for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.
MADDOX, J., dissents.