**Paul Wesley CHARPIE, Plaintiff,**

v.

**LOWES HOME CENTERS, INC., Defendant.**

**No. CV–95–A–260–N.**

United States District Court, M.D. Alabama, Northern Division.

July 2, 1996.

W. Lee Pittman, Nat Bryan, Birmingham, AL, for plaintiff.

Robert C. Black, Jr.; Henry C. Chappell, Jr., Montgomery, AL, for defendant.

## MEMORANDUM OPINION

ALBRITTON, District Judge.

This cause is before the court on a motion for summary judgment filed by the defendant, Lowe's Home Centers, Inc. ("Lowe's").

## I. BACKGROUND

On or about January 23, 1993, plaintiff Paul Charpie ("Mr. Charpie") injured his right hand while using a table saw purchased at Lowe's. Mr. Charpie, trying to get the blade to come up more quickly, stuck his hand under the saw after the power was shut off but while the blade was still rotating. The blade sliced his fingers.

Suit was originally filed in the Circuit Court of Barbour County, Alabama, and the case was removed to this court on the basis of diversity of citizenship. Mr. Charpie asserted claims based on negligence, willful and/or wanton conduct, breach of contract, breach of warranty, and the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). He alleges that the table saw was defectively designed. At the pretrial hearing held on June 20, 1996, the Plaintiff withdrew all claims except his claim pursuant to the AEMLD.

On April 26, 1996, defendant Lowe's filed a motion for summary judgment. In this motion, Lowe's advances four defenses to the products liability action: (1) no causal relation; (2) contributory negligence; (3) assumption of the risk; and (4) product misuse. In his response to the defendant's motion, the plaintiff argues that Lowe's is not entitled to any of these affirmative defenses.

## II. STANDARD

Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. at 2553. The movant can fulfill this burden by presenting evidence showing that no dispute of material fact exists, or by showing that the nonmoving party did not present evidence in support of some elements of its case on which it bears the ultimate burden of proof at trial. *Id.* at 322–23, 106 S.Ct. at 2552–53.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 234. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

## III. DISCUSSION

In *Casrell v. Altec Indus., Inc.,* 335 So.2d 128 (Ala.1976), the Alabama Supreme Court held that the affirmative defenses of no causal relation, contributory negligence, assumption of the risk and product misuse were available to defendants under the

AEMLD. Lowe's asserts each of these defenses.[1]

## A. No Causal Relation

In *Atkins v. American Motors Corp.*, 335 So.2d 134 (Ala.1976), the Alabama Supreme Court explained the requirements of the defense of no causal relation. The defendant must show that no causal relation exists between his activities in handling the product and its defective condition. A defendant may show this by proving four elements: (1) "he is in the business of either distributing or processing for distribution finished products"; (2) "he received a product already in a defective condition"; (3) "he did not contribute to this defective condition"; and (4) "he had neither knowledge of the defective condition, nor an opportunity to inspect the product which was superior to the knowledge or opportunity of the consumer." *Id.* at 143. A superior opportunity to inspect must be a meaningful one. *Consolidated Pipe & Supply Co. v. Stockham Valves & Fittings, Inc.*, 365 So.2d 968, 971 (Ala.1978). "If the defect was latent and could not have been discovered by either consumer or distributor by a reasonable inspection, neither had a superior opportunity." *Id.*

Lowe's presented evidence that (1) it was in the business of distributing finished products and that it was not customary for Lowe's to do anything to the table saws other than place the boxes containing the saws on the shelves; (2) it did not do anything to the saws; consequently, if the table saw was defective, it was defective when received; (3) it did not contribute to the defective condition of the saw because the saw was packaged in a sealed box and never opened; and (4) it had no knowledge of any defective condition and, because each box was shut, no personnel at Lowe's had any opportunity to inspect the saw which was superior to the knowledge or opportunity of the plaintiff.

The court can easily conclude that Lowe's fulfilled the first three elements of the no causal relation defense. Lowe's is in the business of selling finished products; the only activity it conducted with the table saw

was placing the table saw on the store shelf for sale; therefore, Lowe's could not have contributed to the defective condition of the saw, if any defect existed. The fourth element requires further discussion.

Lowe's established that it had no knowledge of any defective condition of the saw. However, the plaintiff contends that Lowe's has superior expertise because it is a "large company which operates stores in several states and which specializes in selling of [sic] home construction and remodeling products, including power tools." This contention does not support a finding of superior knowledge. Lowe's is not deemed to have superior knowledge simply because it displays table saws and employs sales personnel knowledgeable about table saws. To hold that a distributor has superior knowledge because he sells table saws would render the causal relation defense illusory. Simply being in the business of selling a particular item such as a table saw, without something more, is insufficient to establish superior knowledge of the defendant. It is axiomatic that if a distributor sold the item that is alleged to be defective, that distributor will *almost always* be in the business of selling that product. To impute a superior knowledge on every distributor who is "in the business of selling" a particular item would almost always defeat the causal relation defense.

Alabama law does not require a distributor to be a guarantor of the design of every product he sells; the law does not force a distributor to second-guess the decisions of a manufacturer concerning the proper design of the product when the distributor undertakes no activity with the product except placing the product on a shelf for sale.

Mr. Charpie contends that the no causal relation defense is not available here because this case involves a design defect and not a manufacturing defect. He relies on *Caudle v. Patridge*, 566 So.2d 244, 248 (Ala.1990), where the Alabama Supreme Court refused to allow the granting of summary judgment for the distributor of a truck conversion kit because the court found that the distributor

---

1. This court refuses to grant summary judgment to Lowe's based on the defenses of assumption of the risk and product misuse. Lowe's failed to produce evidence to support the application of these two defenses and these will not be discussed further.

possessed superior knowledge about the nature of the conversion kit that he sold to the plaintiff. *Id.* at 248. *Caudle* is different from the case here. The distributor in *Caudle* went further than Lowe's did. In *Caudle*, the distributor inspected the kit, advised the buyer on how to install the kit, and described to him the necessary tools for installation. *Id.* at 246-47.

Lowe's did not advise Mr. Charpie on the proper use of the saw until after the accident. In fact Mr. Charpie did not purchase the saw; his wife did. There is no evidence that Lowe's had any particular knowledge, superior to Mr. Charpie's, about this table saw. The bare allegation that Lowe's has superior knowledge because it sold the saw is insufficient.

Lowe's has submitted evidence that it had neither knowledge of any defective condition nor an opportunity to inspect the product that was superior to the knowledge or opportunity of Mr. Charpie. Mr. Charpie has presented no evidence to rebut this and has advanced only bare allegations. Therefore, there is no genuine issue of fact and the defense of no causal relation is established as a matter of law.

### B. Contributory Negligence

Contributory negligence is another affirmative defense available to defendants under the AEMLD. *Casrell.* To prove contributory negligence, the defendant must show that the plaintiff: "(1) had knowledge of the condition; (2) had an appreciation of the danger under the surrounding circumstances; and (3) failed to exercise reasonable care, by placing himself in the way of danger." *Wallace v. Doege,* 484 So.2d 404, 406 (Ala.1986). Although the question of contributory negligence is generally one of fact for the jury, "the conduct of the plaintiff in certain cases may be so lacking in reasonable care for his own safety that reasonable minds may not differ on the issue of the plaintiff's own negligence; in such a case the question becomes one of law." *Johnson v. Niagara Mach. & Tool Works,* 555 So.2d 88, 93 (Ala. 1989).

In its motion for summary judgment Lowe's contends that contributory negligence can be decided as a matter of law. It presents the following evidence: (1) Mr. Charpie knew of and read warnings contained in both the instruction manual and on the saw itself; (2) one warning, number 8, provided that "No adjustments should be made until the tool has stopped rotating"; (3) Mr. Charpie read and understood this warning to mean "That you shouldn't adjust any—make any adjustments on the saw until the blade stops turning"; (4) Mr. Charpie knew that when the power was shut off the saw continued to rotate but "comes down pretty quick"; and (5) Mr. Charpie acknowledged that he knew the saw continued to spin based on his use of the saw for four years.

In spite of this knowledge, Mr. Charpie had his friend shut off the power to the saw and he immediately proceeded to adjust the height of the blade by reaching underneath the saw tabletop and pushing up on the motor assembly. While this action seems to be unreasonable in light of the knowledge Mr. Charpie possessed, the court will not decide whether reasonable minds could differ, because of the decision that the no causal relation defense applies.

### IV. CONCLUSION

For the reasons stated above, the Court finds that Defendant Lowe's motion for summary judgment is due to be and is hereby GRANTED.