SAM A. BEATTY, Retired Justice.
Chambless-Killingsworth & Associates, P.C. (“CKA”), appeals from a summary judgment in favor of Osmose Wood Preserving, Inc. Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975. We reverse and remand.
In April 1992, the Lamar County Board of Education (“the Board”) sued several defendants, including CKA and Osmose. The Board contended that the fire-retardant-treated (“FRT”) plywood decking of the South Lamar Elementary and High School buildings had deteriorated thermally to such an extent that the school had become structurally unsound and unsafe. CKA had served as the school’s architectural firm. Os-mose was one of five defendants connected with the FRT plywood. During the course of those proceedings, CKA filed a cross-claim against Osmose, alleging fraud, suppression of material facts, and negligent representations. After Osmose and the Board entered into a settlement, only CKA’s cross-claim against Osmose remained pending in the case. Osmose moved for a summary judgment, arguing that the cross-claim was a claim for contribution or, alternatively, that the cross-claim was barred by the statute of limitations. The trial court entered a summary judgment for Osmose, but did not specify the reasons for its decision. After the trial court denied CKA’s post-judgment motion, CKA appealed.
Our standard for reviewing a summary judgment is well settled. The summary judgment was proper if there was no genuine issue of material fact and Osmose was entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P. Osmose had the burden to make a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter *27 of law. Long v. Jefferson County, 623 So.2d 1130, 1132 (Ala.1993). If Osmose made that showing, then the burden shifted to CKA to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against it. Id. In deciding whether there was a genuine issue of material fact, we view the evidence in the light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Id. The applicable standard of review is the “substantial evidence” rule. § 12-21-12, Ala.Code 1975. “Substantial evidence” is defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Osmose contends that CKA’s cross-claim is essentially a claim for contribution from a joint tortfeasor and that a claim for contribution is not recognized in Alabama. See Consolidated Pipe & Supply Co. v. Stockham Valves & Fittings, Inc., 365 So.2d 968 (Ala.1978). Osmose points to testimony from John R. Chambless, Sr., a principal architect with CKA, in which Chambless states his opinion that he has a claim against Osmose because his firm was sued by the Board. CKA notes, however, that John Chambless also testified that he claimed damages for mental anguish, loss of business income, and injury to his and his firm’s business reputation. CKA also refers us to the cross-claim itself, which alleges fraud, fraudulent suppression, and negligence, but which does not include a claim for contribution or indemnity against Osmose. Clearly, the cross-claim is not merely a claim for contribution. Accordingly, Osmose is not entitled to a summary judgment on that ground.
Osmose also based its motion for a summary judgment on the ground that CKA’s cross-claim was barred by the statute of limitations. A fraud action is subject to the two-year statute of limitations found in § 6 — 2—38(Z), Ala.Code 1975. Nevertheless, § 6-2-3, Ala.Code 1975, provides that the two-year period begins to run when the plaintiff discovers, or should have discovered, the fraud. Green v. Wedowee Hosp., 584 So.2d 1309 (Ala.1991). If it appears that the statutory period has expired, then the party bringing the fraud action has the burden of demonstrating that it comes within the purview of § 6-2-3. Hicks v. Globe Life & Accident Ins. Co., 584 So.2d 458 (Ala.1991). As a general rule, the question of when the plaintiff discovered, or should have discovered, the fraud is reserved for the jury. Green, 584 So.2d at 1312; Hicks, 584 So.2d at 463. That question should be taken from the jury and decided as a matter of law only in cases where the plaintiff actually knew of facts that would have put a reasonable person on notice of fraud. Id.
John Chambless testified that he did not discover Osmose’s alleged fraudulent representations regarding its FRT plywood until late 1992 or early 1993 during the discovery process in the case filed by the Board. CKA filed its cross-claim against Osmose on September 13,1994. The question of when CKA should have discovered the fraud so as to begin the running of the statutory period of limitations should be decided by a jury. Accordingly, Osmose was not entitled to a summary judgment on that ground.
Therefore, the judgment must be, and it is, reversed, and the cause is remanded for further proceedings consistent "with this opinion.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
All the judges concur.